## JOHN B. MARSHALL, Respondent, v. THOMAS D. FERGUSON, Appellant.

### St. Louis Court of Appeals, April 28, 1903.

1. **Agents: VIOLATION OF INSTRUCTIONS: LIABLE FOR RESULTING DAMAGES.** Where an agent who was directed to loan money to a third party, and to take as security a trust deed, violated his instructions by including in the trust deed a note owed by the third party to himself without his principal's knowledge or consent, the agent was liable to the principal for the resulting damages.

2. **————: INSTRUCTIONS FIXING AMOUNT OF DAMAGES TO ASSESS: PROPER, WHEN.** Where plaintiff sued for a fixed sum and interest thereon, an instruction stating that if the jury found for plaintiff they should assess his damages at a certain sum covering the principal and interest, is not error, as the damages are liquidated.

Appeal from Butler Circuit Court.—*Hon. James L. Fort,* Judge.

AFFIRMED.

*Phillips & Phillips* and *Dinning & Hamel* for appellant.

(1) The court erred in giving improper and incorrect instructions to the jury at the instance of plaintiff, and in refusing to give correct and proper instructions to the jury at the request of defendant. The court erred in rejecting competent, legal and relevant testimony offered by the defendant. The court erred in receiving incompetent, illegal and irrelevant testimony offered by plaintiff. (2) We submit, that the instruction given at the request of plaintiff, which told the jury, that: "If you find from the evidence that defendant, T. D. Ferguson, undertook as agent of plain-

tiff to loan the sum of $213.45, or any other sum to M. L. Freeman, and that he was directed by plaintiff to secure said loan by deed of trust on a one-eighth interest in the fair grounds; and if you further find that said defendant violated the instructions given him by plaintiff by including therein a note of $312.50 due himself, and that said note was included in said deed of trust without the knowledge or consent of plaintiff, then you are instructed that plaintiff had the right to ignore entirely said security and look to said agent, the defendant herein for his money," is not law.

*A. D. Hight* and *N. A. Mozley* for respondent.

(1)   "An agent with instructions is bound to regard them in every point nor can he depart from them without making himself responsible for the consequences."  1 Parsons Cont. (6 Ed.), p. 80.   (2)   Where the agent disregards the instructions of his principal, as between the principal and agent, the principal may disregard the transaction entirely and hold the agent for money advanced or loss sustained.  1 Am. and Eng. Ency. (1 Ed.), p. 369; Butts v. Phelps, 79 Mo. 302; Atchison Co. v. DeArmond, 60 Mo. 19.

BLAND, P. J.—The conceded facts in this case are, that M. L. Freeman and wife, on or about May 7, 1896, owned an eighty-acre tract of land in Butler county, Missouri, known as the fair grounds, upon which the Sedalia Trust Company had a deed of trust to secure a promissory note past due, the principal and interest aggregating at that time $213.45; that they were being pressed for payment; that plaintiff put $213.45 in defendant's hands which defendant agreed to loan M. L. Freeman and wife for the purpose of paying off the Sedalia Trust Company's loan; that defendant, to secure the $213.45, agreed to take from the Freemans their promissory note for that amount bearing eight

per cent interest payable to himself, and to secure the same by the deed of trust of Freeman and wife on a one-eighth interest in the fair grounds tract of land and then transfer the note and deed of trust to plaintiff. Defendant took plaintiff's money, paid off the Sedalia Trust Company's debt with it, took the note of the Freemans, as agreed, for $213.45, payable to himself, and also took a deed of trust on one-eighth interest in the fair grounds tract of land to secure the note. The note was transferred by defendant to plaintiff.

At the time of the transaction, defendant held a past-due note made by M. L. Freeman to one Nickey for $312.50 which Nickey had indorsed and delivered to defendant, but defendant had lost his recourse on Nickey as indorser. This note defendant had secured in the same deed of trust given to secure the note for $213.45 held by the plaintiff. The deed of trust provided that, in case of a foreclosure sale, the two notes should be paid pro rata, if the proceeds of the sale were insufficient to pay both notes.

The proof is that the Freemans were insolvent; that there were two sales of the land under the deed of trust. At the first sale the plaintiff was the purchaser on his bid of $400, but there was some error or defect in the advertisement of the sale and he declined to pay his bid and accept the trustee's deed. On the second sale Nickey bid in the land at one hundred and ten or one hundred and twenty dollars and received a trustee's deed therefor. About four months thereafter he sold the land to plaintiff for a consideration of $400 and made him a deed to it.

Plaintiff testified that he did not know that the $312.50 note of defendant was included in the deed of trust until after his note for $213.45 was past due and he commenced to take steps to collect it; that when defendant assigned and delivered the note to him he told him the deed of trust was in the recorder's office; that he (plaintiff) did not go there to see and did not see it

until after his note became due; that when he discovered that the other note was included in the deed of trust, he went to defendant and asked him about it and told him that he had violated his trust and that he would look to him to pay the note.

Defendant testified that he told plaintiff about holding the $312.50 note against the Freemans, that he had gotten it from Nickey and had lost recourse on Nickey as indorser and wanted to include it in the deed of trust by which plaintiff's money was to be secured; that plaintiff assented to this arrangement, saying that the land was good security for both amounts.

Plaintiff emphatically denied this scrap of defendant's evidence.

The suit was to recover the $213.45, which plaintiff deposited with defendant as his agent to loan to the Freemans, with eight per cent interest thereon from the date the loan was made.

The verdict and judgment were for plaintiff and defendant appealed.

The vital question in the case is not the value of the land upon which the deed of trust was taken, not what the plaintiff got the land for by a subsequent independent transaction, but whether or not defendant violated his instructions as the agent of the plaintiff in taking the deed of trust to secure the loan of $213.45 by securing his own note of $312.50 by the same deed of trust.

The evidence is that plaintiff got nothing out of the foreclosure sale, unless it can be said, as is contended by defendant, that Nickey bid the land in for him. There is nothing in the evidence to show that Nickey bid for the plaintiff at the trustee's sale. The circumstance that several months after sale Nickey conveyed the land to plaintiff for a consideration of $400, is not sufficient to show that he purchased the land in the first instance as the agent of plaintiff. There is not a scintilla of evi-

dence, outside of this mere circumstance, tending to show that Nickey bid at the trustee's sale as the agent of plaintiff.

The Freemans being insolvent and unable to pay the note, it conclusively appears from the evidence that plaintiff has been damnified to the full amount of $213.45, with the interest that has accrued thereon. He must stand this loss, unless the defendant violated his instructions, as the agent of plaintiff, in making the loan and taking the deed of trust from the Freemans. Whether or not he did violate his instructions was properly submitted to the jury, who found that plaintiff did not agree that defendant's past due note might be secured by the same deed of trust by which it was agreed, between he and the defendant, his money to be loaned to the Freemans was to be secured; in other words, the jury found that defendant violated his instructions as the agent of the plaintiff; in such circumstances the defendant is liable to the plaintiff for the resulting damages as was held on the two former appeals of this case to this court. Marshall v. Ferguson, 78 Mo. App. 645; s. c., 94 Mo. App. 175.

The instructions on the merits are in accord with the two opinions heretofore delivered by this court on the two former appeals. But defendant contends that the judgment should be reversed on account of the following instruction given by the court:

"If you find the issues for the plaintiff, you should assess his damages at the sum of three hundred and seventeen dollars and forty-five cents."

The assessment of the damages in every law case is within the province of the jury, and it is error for a court to take this right from it by an instruction fixing the amount of damages that should be returned in case the verdict is for the plaintiff, or for defendant on a counterclaim. But where, as in this case, the damages are liquidated and the amount to be recovered is a fixed

sum plus interest to be added thereto, we do not see the harm that can result if the court computes the interest on the fixed sum, adds it to the principal and instructs the jury what the exact amount due is. Juries not in- frequently find verdicts, in suits on promissory notes, for the principal to which is to be added interest from a date stated in the verdict; such verdicts are lawful and are certain as to amount, and it seems to us that there in no practical difference between calculating the interest on the principal of a promissory note, by the court before the verdict and adding it the principal and informing the jury of the result, than calculating the interest after verdict; if the calculations are correct there is no harm done in either instance. It is not claimed in this case that the interest was erroneously computed or that the verdict is excessive. The error in giving the instruction was non-prejudicial, and the judg- ment is affirmed. *Reyburn* and *Goode, JJ.,* concur.