ALFRED BUSHNELL, Respondent, v. JOHN A. BOYERS, Appellant.

St. Louis Court of Appeals, December 14, 1909.

1. **JUSTICES' COURTS: Pleading: Recoupment and Counterclaim.** In an action commenced in a justice's court for the contract price of constructing a sewer, where the defense made was, that owing to mutual mistake in the plans, it was not necessary for the contractor to take out the quantity of dirt it was supposed by the parties, at the time the contract was made, it would be necessary to remove, but no answer by way of recoupment or counterclaim was filed, defendant could not recoup or account for the difference in the quantity of dirt taken out, and what would have been taken out if the plans had been correct.

2. **CONTRACTS: Construction of Sewer: Mistake in Plan: Compensation.** Where a contract required plaintiff to construct, for a stated price, a sewer to connect defendant's premises with the main sewer, and the connection was made, as agreed upon, the fact that plaintiff did not excavate as deeply by two feet as it was supposed he would be required to at the time the contract was made would not defeat an action brought on the contract for the agreed price of doing the work.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*Wm. A. Kinnerk* for appellant.

(1)    Plaintiff did not show a performance on his part of the contract sued on, and there could have been no recovery under the contract. Meyer v. Christopher, 176 Mo. 594; Clough v. Meat Co., 112 Mo. App. 185; Eyermon v. Association, 61 Mo. 489; Mfg. Co. v. School Dist., 54 Mo. App. 371; West v. Freeman, 76 Mo. App. 96; Hayes v. Burch, 91 Mo. App. 467.

*C. J. Anderson* and *Edw. Rosenthal* for respondent.

GOODE, J.—This is an action for a balance alleged to be due plaintiff for  putting in a sewer 398 feet in length. and extending along two lots owned by defendant in the city of St. Louis.   The work was done under the following contract:

"This agreement made and entered into this 11th day of April, 1906, by and between Alfred Bushnell, drain layer, and John A. Boyers, of the city of St. Louis, Missouri, witnesseth, as follows:

"Whereas the said John A. Boyers, the owner of the following lots of ground in Reber Place, between January and Dalton avenues, *viz*: 398 feet as per plan and profile shown in City Block No. 4053 and B of St. Louis of said city of St. Louis, and the said Alfred Bushnell has the contract for the construction of the sewer twelve-inch pipe on Reber Place.

"Now, therefore, the said John A. Boyers, in consideration of the construction by said Alfred Bushnell, drain layer, and his agreement to connect the sewer being twelve-inch pipe three hundred and ninety-eight feet from city sewer on January avenue to Dalton avenue, and six in. connections into building line, connect house 5708 Reber Place, the said John A. Boyers, owner as aforesaid, hereby promises to pay said Alfred Bushnell, their assignees or representatives the sum of ($450) four hundred and fifty dollars as the cost of making said con-

nection with said district sewer. Payable eighty per cent for work completed and balance in thirty days. To include all work shown on plans as required by city.

"ALFRED BUSHNELL,

"J. A. BOYERS."

After the completion of the sewer it was approved by the proper city official, was accepted by defendant and $125 paid on the price. The balance of the price, $325, is what plaintiff asks judgment for in the case at bar, which was commenced before a justice of the peace and went to the circuit court by appeal, where plaintiff had judgment and defendant appealed to this court. No answer by way of recoupment or counterclaim was filed, but the defense invoked is that by reason of a mistake in the plans and specifications for the work, it turned out, plaintiff was compelled to excavate a great deal less earth than the parties expected he would. The contract says nothing about the plans or specifications, but names $450 as the price for the job, without referring to the quantity of excavation which would be required to lay the sewer. It appears a plan had been prepared showing the length of the sewer to be put in by plaintiff, where it was to connect at each end with the main sewer of the city, the topography of the ground, the degree of fall the pipe would have and the elevation of the main sewers, with which it was to connect, above the city directrix, a monument from which distances are computed in the city of St. Louis. Nothing is in testimony about who prepared the plan and wrote the data on it, but it is labeled "Project for Private Sewer, for John A. Boyers, Acht. & Bldr. Nov. 14, 1905." The sewer to be laid by plaintiff ran from Dalton avenue to January avenue, and was connected with a main city sewer at a manhole in each of those places according to the contract and also according to the plan. Plaintiff laid the sewer and connected it with the mains at the right places. It is contended by de-

fendant the plan showed the main with which the private sewer was to connect at January avenue was 170.8 feet above the city directrix, whereas in truth it was 172.8 feet above, or two feet higher than was shown on the plan; at Dalton avenue the city sewer was 175.4 feet above the directrix, or 2.2 feet more than the plan showed; that in consequence of the mistake in the plan in regard to the altitude of the main sewers above the city directrix, those sewers were shown to be about two feet deeper beneath the surface of the ground than they actually were, and in consequence, in order to lay defendant's sewer so as to connect with the mains, plaintiff had to dig to a depth two feet less than he would have dug if the plan had been correct. Evidence was offered by defendant which the court excluded, to prove the depth of digging called for by the plan was taken into consideration by plaintiff in fixing the price of the work; and that both he and defendant acted on the mistaken belief the plan was accurate. Without saying what would be the consequence of such a mistake of fact under proper pleadings in a proper forum, after the work had been done for a round price and accepted, we think it is clear, as the case stands, no defense was shown or offered to be, even granting the parties were misled about the fact and this would afford relief in some measure to defendant. It was not contended the difference in price would, in any event, amount to $325, and hence it is clear plaintiff is entitled to more payment than he has received. At most defendant could have claimed recoupment on account of the difference in the quantity of dirt taken out and what would have been taken out if the plan had been correct. [Flesh v. Christopher, 11 Mo. App. 483.] But, as said, he preferred no demand of that kind, as was necessary to get the benefit of it. [West v. Freeman, 76 Mo. App. 96; R. S. 1899, sec. 3853.] The defense insisted on went to the entire cause of action, and was that plaintiff had not performed the contract because he did not dig down

and put the sewer pipe as far below the surface of the earth as should have been done according to the plan. This position was untenable. The plan was not in terms made part of the contract; and if we concede it was to be a guide to plaintiff in performing the work, the salient requirements of the contract and of the plan were that plaintiff should connect the private sewer with the city sewers at January and Dalton avenues and connect defendant's house with the private sewer. The testimony showed without contradiction the connections were made at the proper places and that if plaintiff had laid the pipe two feet lower, as defendant insists he should have done to perform the contract, the connection with the city sewers could not have been made. It is absurd to say plaintiff could have performed by laying defendant's sewer two feet below the city mains, and so no junction could have been effected with them or drainage flowed into them. Yet the defense invoked is failure to do this. Plaintiff performed the contract, and as the case was presented the judgment was for the right party.

As the appeal must fail on the merits, we have not examined some technical points raised against the abstracts of record.

The judgment is affirmed. All concur.