JOHN KNOST, Respondent,- v. B. L. VAN HOOSE
et al., Appellants.

Springfield Court of Appeals, June 13, 1914.

1. EXPERT EVIDENCE: When Not Proper. Action to recover
the balance of the contract price for removing and rebuilding
a concentrating lead and zinc mill, defended on the ground
that the work was "not done in a workmanlike manner," as
required by contract. The trial court properly refused to
permit a witness for defense to answer the question whether
the work was done "in a workmanlike manner," as it called
for an opinion on a question upon which expert evidence was
not proper.

2. INSTRUCTIONS: Should Include What. In an action to
recover the balance of the contract price for removing and
rebuilding a concentrating lead and zinc mill, where defend-
ant pleaded loss and damage by reason of plaintiff's failure to
do the work in compliance with the contract as a counter-
claim, there was no reversible error in not including the issues
raised by the counterclaim and the denial thereof in the same
instruction which dealt with the issues made by the petition
and the denial thereof, where a separate instruction included
those issues.

3. INSTRUCTIONS: Contracts: Counterclaims: Defective Work
and Material. In an action to recover the balance of the con-
tract price for removing and rebuilding a concentrating mill,
an instruction that if plaintiff removed and rebuilt the mill
in substantial compliance with the terms of the contract de-
fendants could not recover anything on their counterclaim for
defective work and material, is erroneous.

Appeal from Jasper County Circuit Court, Division
No. Two.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton* for appellants.

(1) The court erred in refusing the testimony of
Mr. Milton shown on pages 196 and 197 of the record
to the effect that the mill as he found it when called

in by Van Hoose had not been completed in good and workmanlike manner and that the work on said mill had not been done in a good and workmanlike manner and that the mill as he found it would not clean ore. 3 Wigmore on Evidence, sec. 1923; Ferguson v. Hubbell, 97 N. Y. 513; Taylor v. Monroe, 43 Conn. 44; Skinner v. Kerwin Glass Co., 103 Mo. App. 650; Boettger v. Architectural Iron Co., 124 Mo. 84; Monahan v. Coal Co., 58 Mo. App. 676. (2) The court erred in giving plaintiff's first instruction because said instruction did not state the correct measure of damages. 24 L. R. A. (N. S.) 351 note; Keller v. Herr, 157 Ill. 57, 41 N. E. 750; Chicago Athletic Association v. Eddy, 77 Ill. App. 204. (3) The measure of recovery is the sum stipulated in the agreement, less the damages sustained by failure strictly to perform. Kane v. Stone Co., 39 Ohio St. 1, affirming 4 Ohio Dec. Reprint, 509; Aetna Iron & Steel Works v. Kossuth County, 79 Iowa, 40, 44 N. W. 215; Mitchell v. Dunmore Realty Co., 126 App. Div. 829, 111 N. Y. Supp. 322; Ryan v. Voelkl, 26 Misc. 840, 56 N. Y. Supp. 1065; Vogel v. Friedman, 34 Misc. 775, 68 N. Y. Supp. 820; Cook v. American Luxfer Prism Co., 93 Ill. App. 299. (4) The court erred in giving plaintiff's third instruction. The jury is instructed in event that the plaintiff substantially complied with the terms of his contract the defendants herein are not entitled to recover on their counterclaim. This is not the law. Plaintiff must make a just allowance for defects that exist, however trivial they may be. Boteler v. Roy, 40 Mo. App. 238; Monocacy B. Co. v. Iron Co., 83 Pa. St. 517, 524; Heckman v. Pickering, 81 N. Y. 213; Nolan v. Whitney, 88 N. Y. 648; Glacius v. Black, 50 N. Y. 153; Arndt v. Keller, 96 Wis. 274, 276; Manthey v. Stock, 133 Wis. 107, 110.

R. A. Mooneyham, W. R. Shuck and J. D. Harris for respondent.

(1) Appellants' first contention that the witness Milton, instead of detailing the facts, should have been permitted to give his bald opinion as to whether the mill was completed in a workmanlike manner, is clearly untenable. The witness was permitted to tell what conditions he found in the mill at the time, and what he did. This was the proper line of examination. Dammann v. St. Louis, 152 Mo. 186, l. c. 199, 200; Spaulding v. Edina, 122 Mo. App. l. c. 69; Kirby v. Wabash Ry. Co., 85 Mo. App. l. c. 351. (2) Plaintiff's first instruction was properly given, as it correctly declared the law applicable to the case. Plaintiff did not sue on *quantum meruit* but on an express contract for a definite unpaid balance of a fixed contract price. Budd v. Hoffheimer, 52 Mo. l. c. 304; Cole v. Armour, 154 Mo. 333; Marshall v. Ferguson, 101 Mo. App. 653; Witty v. Saling, 171 Mo. App. 574; Real Estate Co. v. Investment Co., 150 Mo. App. 626; Veatch v. Norman, 409 Mo. App. l. c. 394. (3) The third instruction for the plaintiff was properly given by the court. There must be a fair and substantial compliance with the conditions of the contract, and this is all that is required. Lumber Co. v. Snyder, 65 Mo. App. l. c. 577, 578; Crapson v. Wallace Bro., 81 Mo. App. l. c. 684; Secret Service Co. v. Gill-Alexander Mfg. Co., 125 Mo. l. c. 156; Goldsmith v. Wamsganz, 86 Mo. App. l. c. 8; McQuillin's Instructions to Juries in Missouri, In Civil Cases, p. 507, sec. 791; Hovey v. Pitcher, 13 Mo. l. c. 202. (4) One cannot complain of self-invited error. He is bound by the line of conduct he adopts at the trial. He cannot complain of his adversary's instructions, although erroneous, where his own instructions show the same default. Finnell v. Million, 99 Mo. App. 552, l. c. 559; Christian v. Insurance Co., 143 Mo. 460, l. c. 468; Walker v. Robertson, 107 Mo. App. 571; Aston

v. St. Louis Transit Co., 105 Mo. App. 226, 1. c. 232; Jennings v. Railroad, 96 Mo. 394; Black v. Railroad, 172 Mo. 177.

FARRINGTON, J.—This is an action to recover the balance of the contract price for removing and rebuilding a concentrating lead and zinc mill.

In the early part of 1912, defendants, Van Hoose and others, held a mining lease on what is known as the "Aylor land" in Jasper county. In order to mine it properly, it was necessary to erect a mill, and they purchased what was known as the Wolf's Heart mill located at another place in the county, and on April 22, 1912, entered into a written contract with plaintiff Knost to tear it down, move it, and rebuild it on the leasehold. The written contract provided that Knost was "to do all work in workmanlike manner" and "give satisfaction in every respect" and that he would "test this mill out when completed and guarantee this mill to clean." For this work Knost was to receive $2875. He commenced his task immediately and was engaged in the work until the following September. During this time defendants paid him all of the contract price except $505.90, and it is to recover that amount that plaintiff sues. Plaintiff alleged full compliance with the terms of the contract on his part.

Defendants' answer contained a general denial, together with a counterclaim in which they sought to recover $1000 which they claimed to have expended in bringing this mill up to the standard of efficiency required by the contract, alleging that plaintiff failed to do his work in a workmanlike manner or to give satisfaction, and that when plaintiff tested the mill it was not ready to start and failed to clean ore, and that by reason of the faulty construction, they were compelled to employ another contractor to remodel the mill at the cost aforesaid.

The reply put the new matter in issue.

The jury found the issues raised by the petition and answer in favor of the plaintiff, giving him a verdict for the amount asked with interest, and found against defendants on the counterclaim. The appeal is by the defendants.

It is not seriously contended by defendants that plaintiff did not make a case for the jury. There is a square conflict in the evidence.

The judgment in this case must be reversed and the cause remanded because of reversible error in the instructions, but to guard against error in another trial and a consequent appeal, it is thought expedient to rule on two of the grounds pressed by appellants before reaching the point on which the decision goes.

Appellants complain that the court erred in not permitting their witness, Milton, to answer four questions, all embodying the same idea. The first question was not answered because the witness did not understand it, and no objection was made. The second question, to the same effect, was objected to because it called for a conclusion, which objection was sustained, but defendants saved no exception. The same is true as to the third question which was to the same effect. The fourth question, to the same effect, was as follows: "I will ask you to state this, whether the work which was done there, not whether the mill was completed in a proper manner, whether the work was done in a good workmanlike manner?" The same objection was made and sustained and exception saved. We think the action of the trial court was entirely correct. If that kind of question could be asked in a case of this kind, it would be useless to take up the time of judge and jury in hearing witness after witness detail the actual conditions existing (represented here by a printed record of nearly three hundreds pages), but it would suffice for the opposing litigants to retain experts to determine by opinion the very question that the jury supposed it was called upon to decide from

Knost v. VanHoose.

the facts. The witness as an expert mill builder had detailed what he thought was wrong with the mill in question and described what he did to correct the defects. The question asked was calculated to bring an answer that the jury was sitting there to answer. There are questions which may by the answer of a witness invade the province of a jury and still be proper, but they must be about a matter that will aid in the determination of an issue by men of ordinary intelligence. For instance, in this case, the opinion of the expert was worth nothing to the jury that certain planks because of being rotten were unfit for use. The fact that they were decayed was proper for the jury to know, but whether putting rotten planks into construction was a compliance with the contract provision that the work must be done in a workmanlike manner was not a question of such a nature as to require an expert to aid the jury. So, on showing that a box intended to hold water had been constructed so as to leave one end out which let the water run away and into the engine room, required no expert to help the jury in determining whether the contract in that particular had been performed. It might, on the other hand, aid the jury materially in determining the question to have an expert's opinion on the way machinery, pulleys, etc., should be arranged in this kind of a mill so as to construct it in a workmanlike manner. With the facts before the jury showing how the plaintiff constructed this mill, the details pointed out by the witness Milton in which he said the construction was wrong, it was then for the jury to say whether the plaintiff had complied with his contract in that particular. The jury might decide that, granting every defect that Milton pointed out existed, still plaintiff had performed his contract in substantial compliance therewith and have allowed deductions for the defects they thought existed. The trial court properly sustained the objection because the question was entirely too general,

called for an opinion on a question in which some of
the defects shown to exist needed no expert evidence
to aid, and therefore invaded the province of the jury.
It will be noted that in the case of Combs v. Construc-
tion Co., 205 Mo. 1. c. 389, 390, 391, 104 S. W. 77, the
expert was not called upon to decide whether the
scaffold was safely constructed as that was the ques-
tion in issue.    Nevertheless, the court did allow an
expert to say how many nails should be used to safely
support the weight of a man.   This pointed out in de-
tail the defect, and it was proper to inform the jury
on the matter of detail by expert testimony so the
jury could draw the ultimate conclusion as to whether
the scaffold was constructed with reasonable safety
for those who were expected to be upon it.   So, in
the case of Skinner v. Glass Co., 103 Mo. App. 650, 77
S. W. 1011, the expert's testimony, approved in the
opinion, went into detail in that it described the de-
fects and told what would be a suitable apparatus to
be used.   The same idea prevails in the following de-
cisions:  Monahan v. Railway Company, 58 Mo. App.
1. c. 74; Gavisk v. Railroad Company, 49 Mo. 1. c. 276,
277, Dammann v. City of St. Louis, 152 Mo. 1. c. 200,
53 S. W. 932; Spaulding v. City of Edina, 122 Mo. App.
1. c. 69, 97 S. W. 545; Kirby v. Railway Company, 85
Mo. App. 1. c. 351.

The instruction given for the plaintiff is as fol-
lows:

"The court instructs the jury that if you find and
believe from the evidence that the plaintiff removed
and rebuilt the mining mill and concentrating plant
mentioned in the evidence in substantial conformance
and compliance with the terms and specifications of
the contract between the parties, introduced in evi-
dence, then the plaintiff is entitled to recover on the
first count of the petition, the unpaid balance of the
contract price therefor. to-wit, the sum of $505.90, and

6 per cent interest thereon from October 30th, 1912, to date.''

Defendants complain that this instruction does not fix the proper measure of damages; that it should have closed with a provision of this character: ''Less such sum as you may find and believe from the evidence defendants were obliged to pay for the purpose of making plaintiff's work comply with the terms of his contract.'' This modification of the instruction would be proper and necessary if the defendants had merely sought a reduction of the amount due on the contract price by reason of defective work or materials and the case was being tried on that theory. But in this case the defendants plead the loss and damage by reason of plaintiff's failure to do the work in compliance with the contract as a counterclaim to be found affirmatively by the jury and then to strike a balance due to plaintiff or defendants as the verdict for the one or the other might be the greater. Under the theory on which the case was tried, defendants are in effect saying that not only the defenses must be predicated in plaintiff's main instruction, but the counterclaim as well; that the principal instruction, must, as a prerequisite to plaintiff's recovery, require the jury to find against defendants' defenses and also their counterclaims. A sufficient answer is that plaintiff did not sue on *quantum meruit,* but for a definite unpaid balance on a written contract specifying a fixed price for work to be done. In such case, the amount recoverable is fixed by the contract. [Budd v. Hoffheimer, 52 Mo. l. c. 304, 305; Marshall v. Ferguson, 101 Mo. App. l. c. 657, 74 S. W. 393; Witty v. Saling, 171 Mo. App. 574, 154 S. W. 421.] Defendants' counterclaim was included in other instructions. This court has held that it is not reversible error to give an instruction for the plaintiff covering only the facts authorizing a recovery, where a separate instruction is given covering an independent matter of defense, such

as contributory negligence, which must be pleaded and proved by the defendant. [Sager v. Samson Min. Co., 162 S. W. 756; Johnson v. Springfield Traction Co., 161 S. W. 1193, 1196.] And, following this reasoning, we do not believe it was reversible error not to include the issues raised by the counterclaim and the denial thereof, in the same instruction which dealt with the issues made by the petition and the denial thereof, where, as here, a separate instruction did include those issues.

Appellants justly complain because the court in the instructions (especially No. 3) given at the request of the plaintiff told the jury that if plaintiff removed and rebuilt the mill in *substantial compliance* with the terms of the contract, defendants could not recover anything on their counterclaim, contending that the true rule is that substantial performance of a building contract is sufficient to *support a recovery*, but that it is not the full contract price that can be recovered. Defendants duly excepted to those instructions.

It is held in this State that substantial compliance with such a contract will support a recovery. [Line v. Mason, 67 Mo. App. l. c. 283; Hovey v. Pitcher, 13 Mo. l. c. 202; Id., 16 Mo. 436; Crapson v. Wallace Bros., 81 Mo. App. l. c. 684; Deatherage Lumber Co. v. Snyder, 65 Mo. App. 568, 577; see, also, 24 L. R. A. (N. S.) 327, note.] In Monocacy Bridge Co. v. American Iron Bridge Mfg. Co., 83 Pa. St. 517 (cited in Boteler v. Roy, 40 Mo. App. l. c. 238), it is held that an instruction that if the builders of a bridge have substantially complied with their contract, they are entitled to recover the balance due them on the contract price is erroneous, because the jury would have the right to make a deduction as compensation to the defendants. [See, also, McCue v. Whitwell, 156 Mass. 205, 30 N. E. 1134; Elliott on Contracts, Vol. 4, Sec. 3694, page 862; 24 L. R. A. (N. S.) 351, note.] In Boteler v. Roy, supra, this language is used: ''The

court instructed the jury that if defendant had substantially performed his contract according to the plans and specifications that plaintiff could not recover even though there were trivial defects. This instruction should not have been given. The contractor in a building contract need not literally and precisely perform the contract in order to recover thereon. Slight or trivial defects, imperfections or variations will not bar him of his action on the contract, if he has made an honest endeavor to comply and has substantially done so. But a just allowance for such defects, though they be trivial, must be made to the owner. (Citing cases.) A party is entitled to compensation for small or slight injuries as well as those of larger extent. So, while if this was a suit on a contract by defendant against plaintiff, seeking to recover the contract price of the work on the building, he would not be required to show a literal and exact performance in order to recover, yet he would, if such defense was made, be compelled to allow for whatever deviation there was from the contract, though it was slight. It follows, therefore, that in a suit by the owner against the contractor for damages in failing to perform his contract, substantial performance will not bar the owner's recovery, if there be trivial defects which may be measured by compensation." These authorities and many others that could be referred to require us to remand this case for another trial.

Respondent contends that "if it be vice in the plaintiff's instructions to employ the word 'substantial,' they cannot be heard to complain on that ground for the reason that appellants have adopted the same theory in their instructions." Respondent misconceives appellants' argument which in fact is based upon an admission that substantial compliance is sufficient to *support a recovery,* as we have shown, and it

is in this connection that appellants' instructions use the word.

For the error in plaintiff's instructions, the judgment is reversed and the cause remanded. *Sturgis, J.,* concurs. *Robertson, P. J.,* not sitting.