Fred K. CROSS, d/b/a Eighteenth Street
Lumber Company (Plaintiff),
Respondent,

v.

Helen ROBINSON (Defendant), Appellant.

No. 22222.

Kansas City Court of Appeals.

Missouri.

June 13, 1955.

Fred J. Freel, Kansas City, for appellant.

Wm. Coleman Branton, Kansas City, Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, of counsel, for respondent.

CAVE, Judge.

This suit is based on two written contracts between plaintiff and defendant. Trial before a jury resulted in a verdict for plaintiff on the first count for $1,250, and on the second count for $200, and judgment entered for $1,450. Defendant's motion for new trial was overruled and appeal was perfected.

The contract pleaded in Count I called for the construction of a small house by plaintiff for the defendant. The contract price was $2,950, one-half of which was paid at the signing of the contract and the remainder to be paid on completion of the construction. The petition alleged that the work had been completed according to contract; that defendant had refused to pay the balance due; and prayed judgment for $1,475. The answer to Count I admitted the execution of the contract, but alleged that plaintiff had failed to fully complete the contract in certain respects, and prayed to be discharged from further liability. The reply was a general denial.

The amended second count alleged that plaintiff and defendant executed a written contract wherein plaintiff agreed to construct and install, on same lot as the above house, "a septic tank and drains, deep well pump, rough in bathroom, build flue * * * inside of house * * *", for $950; that $450 was paid at the signing of the contract; that "plaintiff thereafter commenced work under said contract and completed same except for the laying of approximately 21 feet of pipe, having a value, when laid, of approximately $39. Plaintiff did not complete said contract because defendant failed and refused to pay plaintiff the balance due under the contract referred to in Count I of this petition. The reasonable value of plaintiff's services actually rendered in connection with the installation of said septic tank, drains, pump, flue and bathroom is $911, less the following credits: (a) a credit of $450 cash hereinbefore re-

ferred to, and (b) a credit of $188 representing a deep well pump and bathroom items which plaintiff took back when he ceased working under said contract * * *."

The answer to Count II admits the execution of the alleged contract, and that defendant paid plaintiff $450 at the time of the signing of the same, but denied all other allegations of Count II. She also filed a counterclaim, the material part of which is, "For her counterclaim defendant states that plaintiff performed only a part of the contract referred to in Count II of his petition, delayed operations, used defective labor and materials, refused to complete the contract, removed fixtures and equipment, and abandoned the work; that the work and materials furnished by the plaintiff was valueless and useless to the defendant; and that defendant was thereby damaged in the sum of $450." the amount she paid at signing of the contract, for which she prayed judgment.

At the close of all the evidence, the court sustained plaintiff's motion for a directed verdict on the counterclaim; but overruled defendant's motion for a directed verdict in her favor on plaintiff's petition.

It is apparent that the first count is founded on a written contract, and seeks recovery thereon, and that the amended second count seeks recovery on quantum meruit.

Because of the points raised on appeal, we will not copy or refer to the contracts in detail. They were written with a lead pencil and the provisions are extremely general. There were no drawn plans, specifications or blue prints.

Defendant's first assignment, as to Count I, is that the court erred in overruling her motion for a directed verdict, because the plaintiff admitted that he had removed certain bathroom fixtures contracted for, consequently he had not "completely performed" the contract and was not entitled to recover the balance of the contract price. In support of this contention, defendant cites O'Neal v. Mavrakos Candy Co., Mo. App., 255 S.W.2d 138, and same case in

Mo., 263 S.W.2d 430; Beckemeier v. Baessler, Mo., 270 S.W.2d 782; Usona Mfg. Co. v. Shubert-Christy Corp., Mo.App., 132 S.W.2d 1101. Those cases hold that a party may not sue on an express contract and recover on quantum meruit. They are not controlling in the present case.

The first count of the petition is based on a *building contract,* and all the courts are united in holding that a *substantial performance* of such a contract will support a recovery. There are at least two reasons given by the courts for this rule. The first is that the work on a building is such that, even if rejected, the owner of the land must receive the benefit of the contractor's labor and materials, which is not the case where a chattel is constructed, as the chattel may be returned. Since the owner must receive the fruits of the builder's labor, it is deemed equitable to require the former to pay for what he gets. The second reason given for the *substantial-performance* rule is that it is next to impossible for a builder to comply literally with all the minute specifications of the building contract.

■ There is a division of opinion as to whether the *action* should be brought on the contract or on quantum meruit. The majority rule is that the action may be brought on the contract, and the measure of recovery is the sum stipulated in the agreement, less any damages sustained by the failure strictly to perform. 9 Am.Jur. "Building Contracts", Secs. 40, 43, 118; Foeller v. Heintz, 137 Wis. 169, 118 N.W. 543, 24 L.R.A.,N.S., 327 et seq. The rule in this state was clearly announced by this court in Boteler v. Roy, 40 Mo.App. 234, where we said: "The contractor in a building contract need not literally and precisely perform the contract in order to recover thereon. Slight or trivial defects, imperfections or variations will not bar him of his action on the contract, if he has made an honest endeavor to comply and has substantially done so. But a just allowance for such defects, though they be trivial, must be made to the owner." See, also, Ferd Bauer Engineering & Contract-

ing Co. v. Arctic Ice & Storage Co., 186 Mo.App. 664, 670, 172 S.W. 417; Knost v. Van Hoose, 182 Mo.App. 40, 167 S.W. 596; Bushnell v. Boyers, 146 Mo.App. 197, 123 S.W. 956.

Defendant recognized this rule, because, by her Instruction 3, she submitted to the jury the issue whether plaintiff had substantially performed the contract, by directing that if the jury found plaintiff had "omitted any *substantial portion* thereof, and that said work was not done in a good and workmanlike manner, * * *"; then the verdict should be for defendant. It is clear that plaintiff's Instruction I and defendant's Instruction 3 submitted the issue of plaintiff's *substantial compliance* with the contract. That was the proper theory.

■ The evidence is conflicting as to whether plaintiff completed the contract in a workmanlike manner.. That issue was submitted and the jury found against defendant. The only failure of performance claimed by the defendant, in her brief, is that plaintiff removed the bathroom fixtures (bathtub, stool and basin) after she refused to pay the balance due on the contract. The approximate value of these items is $115. We think this act falls within the category of trivial or inconsequential failure to perform and would certainly not defeat plaintiff's right to recover on the contract. Consequently, the court did not err in overruling defendant's motion for a directed verdict.

■ However, defendant contends that plaintiff's Instruction I is erroneous because it submits the measure of recovery on the theory of quantum meruit rather than for the contract price, less any damages resulting from failure strictly to perform. If that were so, the instruction would be erroneous under the decisions cited by defendant, supra. The instruction told the jury that if it found certain facts relative to the making and performance of the contract "then your verdict shall be for plaintiff * * * in whatever sum or bal-, ance you may believe him entitled to from the evidence, but not to exceed $1475,

* * *", the unpaid balance of the contract price. When the quoted clause is read in connection with what precedes it there is no submission on quantum meruit. The instruction is not drafted on any such theory. In effect, it authorized the jury to return a verdict for any balance due on the contract if it believed plaintiff had not *strictly performed*. Evidently the jury was not misled because its verdict was for less than the contract price. The instruction could have been more artfully drawn, but it was not erroneous for the assigned reason.

■ It is also claimed that the court erred in requiring defendant to testify that she had sold the house for $5,500. There had been considerable conflicting testimony relative to whether plaintiff had completed the house in a good workmanlike manner. Under such circumstances, we think the sale price would have some probative value on the question whether the work was well done. But defendant argues that she should have been permitted to show why the purchaser paid $5,500 for the house. The offer of proof discloses that the favorable terms of payment, and the need for a house, contributed to his decision to make the purchase. The mental processes of reasoning by the purchaser in arriving at his decision to buy would not be material to the issues. We do not believe such evidence would have any bearing on the question whether the plaintiff had substantially complied with the construction contract. There is no merit in this contention.

■ Defendant next contends that the court erred in overruling her motion for a directed verdict on Count II because: (a) plaintiff failed to prove a valid reason for his failure to complete the contract; and (b) lack of evidence as to the reasonable value of his services rendered and material furnished. The second count is founded on quantum meruit. Plaintiff's reason for quitting the work is immaterial. It he performed services and supplied materials of value to defendant, and she used, possessed and enjoyed the same, (which she did), he is entitled to recover the reasonable value

thereof. These issues were so submitted to the jury. Plaintiff testified that he did all the work and furnished all the material required under the second contract, except the laying of about 75 feet of pipe, the value of which was $36, and that the reasonable value of his work and material was $914, of which amount $450 had been paid. Plaintiff was unable to specify the price of each item of material furnished and the exact hours of labor used because all of his office records were destroyed by the flood in July, 1951. He did give his opinion of these values from memory. There was sufficient evidence to submit the issue and the court did not err in overruling defendant's motion for a directed verdict on the second count.

■ Defendant next contends that plaintiff's instruction 2 incorrectly states the measure of damages for recovery on the theory of quantum meruit as alleged in Count II. As we understand her argument, she asserts that this instruction submits plaintiff's measure of recovery upon *reasonable value* of the services rendered and material furnished, and also upon the contract price. In other words, submits both on quantum meruit and on the contract. She misconceives the meaning of the instruction. It submits plaintiff's measure of recovery "at the reasonable value of the work and material as shown by the evidence, but governed by the contract price of $950, * * *". The rule is that in a suit on quantum meruit based upon a contract, the plaintiff cannot recover in excess of the contract price. That is the meaning of plaintiff's instruction number 2. 24 L.R.A., Note I, page 327. Almost this identical instruction, under similar issues, was approved by the court in Yeats v. Ballentine, 56 Mo. 530, 534. There is no merit in this contention.

■■ Defendant also contends that the court erred in sustaining plaintiff's motion for a directed verdict on defendant's counterclaim. As we understand her argument, she contends that because plaintiff did not fully complete the second contract he is not entitled to recover anything for labor

and material, and that she is entitled to recover the $450 which she paid at the time the contract was signed. Defendant admitted that plaintiff had constructed the septic tank, put in the drains, built the pump house and well pit, roughed in the bathroom, built the flue, and had failed only to put in approximately 75 feet of piping and connect the same with the bathroom fixtures, and that for this reason the equipment so installed was "useless". But certainly such service and materials were not *valueless* to the defendant. Defendant could not retain such items (which she did), and at the same time recover the $450 paid on the contract and defeat plaintiff's right to recover the reasonable value of such services and materials. That was the theory of her counterclaim and the evidence did not support it. A counterclaim is an independent cause of action and the burden of proof is on the pleader. Usona Mfg. Co. v. Shubert-Christy Corp., supra; Anger v. McCorkle, Mo.App., 253 S.W. 72. Under the pleadings and the evidence, the court did not err in sustaining plaintiff's motion for a directed verdict on the counterclaim.

■ Defendant's last contention is that plaintiff's counsel made an improper argument to the jury. The situation presented is this: Defendant had contended throughout the trial that there were many defects in the construction of the house. To support this contention, she had called as witnesses a lawyer, a plumber and two office clerks, one of whom was the purchaser. In criticizing the qualifications of such witnesses, plaintiff's counsel stated, "Why, then, could not they have brought at least one person * * * who is qualified to pass on this house? * * * I submit to you that if one had gone out and looked at it, we would have gotten, probably, a different story on that". This statement is a criticism of the qualifications of defendant's witnesses and the manner of presenting her defense. It was not a comment on her failure to call a certain witness who had knowledge of specific facts. Consequently the argument does not fall within the cases which hold that it is improper to

comment on the non-production of a witness whose evidence is equally available to both sides.

In reply to the above argument defendant's counsel criticized plaintiff for not producing as witnesses his employees who were familiar with the construction job, and said: "They are his employees, and you may infer from their failure to come in and take the witness stand that their testimony * * * would be unfavorable to Mr. Cross." Replying to this statement, plaintiff's counsel stated that: "* * * by the same token—by their failure to bring in a contractor, you can infer that his testimony would have been unfavorable." This was a legitimate reply to defendant's quoted argument, and was not prejudicial error.

From what we have said the judgment should be affirmed. It is so ordered.

DEW, P. J., and ROSE, Special Judge, concur.