**BILL McMULLEN CONSTRUCTION COMPANY, INC., Appellant,**

v.

**WESTERN CONTRACTING CORPORATION, Appellee.**

No. 2–56821.

Supreme Court of Iowa.

Dec. 17, 1975.

Ronald W. Feilmeyer of Jones, Cambridge, Carl, Feilmeyer & Landsness, Atlantic, for appellant.

Lowell C. Kindig of Kindig, Beebe, McCluhan, Rawlings & Nieland, Sioux City, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

MOORE, Chief Justice.

On November 26, 1968 plaintiff (McMullen) and defendant (Western) entered into a contract wherein Western, prime contractor with the Iowa State Highway Commission (ISHC), awarded a subcontract for certain specified earth moving to McMullen. The work involved removing and disposing of a temporary ramp from old Highway 6 up to Interstate 80 in Pottawattamie County. The payment terms were to be based "on plans quantity as paid by the ISHC" at the rate of 35 cents per cubic yard for removal of a planned quantity of 24,300 cubic yards.

While McMullen was on the job, another dirt hauler removed approximately 11,000 cubic yards of the earth originally included in the estimated volume of dirt to be hauled by McMullen. This activity resulted from an ISHC change order. It resulted in McMullen only removing a portion of the ramp.

After McMullen completed the work, ISHC notified Western it would be paying on the basis of actual amount removed by McMullen. Section 1109 of the ISHC standard specifications provided "Payment will be based on the actual quantity of work performed * * *." After registering its protests to the changes, Western eventually received payment from ISHC in the amount of $4025 which was turned over to McMullen. Thereafter McMullen brought this action seeking to recover the difference between the contract amount for removal of the planned quantity of 24,300 cubic yards and the amount actually received.

On trial to the court McMullen's claim was denied and McMullen has appealed. Two issues are presented, (1) is McMullen entitled as a matter of law to recover based on the planned quantity contract price? and (2) did the trial court err in refusing to consider evidence of oral communications relating to the terms of the contract?

■ I. Both the prime and sub contracts were made expressly subject to the standard specifications put out by ISHC. The specific contract language at issue here is:

"[McMullen will] furnish all equipment, labor and materials [etc.] * * * in accordance with plans and specifications and/or as directed by the Engineer.

"* * *

"Payment to be based on plans quantity as paid by the ISHC."

Mr. McMullen as a witness conceded his company as the subcontractor was "bound by the terms of the prime contract" and was "subject to the directions of the Highway Engineer." He was aware of the provision "as paid by the Highway Commission" prior to signing the contract.

In support of its contention it is entitled to be paid on the basis of the original planned quantity figure, McMullen relies heavily on the holding in *Bushnell v. Boyers,* 1909, 146 Mo.App. 197, 123 S.W. 956. It is factually distinguishable. There the parties contracted for the installation of a sewer line by plaintiff for $450. Plaintiff completed the job. On trial the court held he was entitled to full payment although owing to a mutual mistake in the plans plaintiff was not required to perform as much work as was contemplated by the parties.

The contract involved here is clear the work to be performed was subject to changes by ISHC and that McMullen was to receive the amount "as paid by ISHC." The first issue raised by McMullen affords no ground for reversal.

■ II. McMullen argues alternatively that even if it was bound by the ISHC

specifications, and the Commission's right to make changes, Western should be held liable on the basis of conversations with Western employees prior to the signing of the contract. McMullen's testimony about the plans quantity conversations was taken subject to the objection it sought to alter rather than assist in the interpretation of the contract. The trial court's conclusions of law sustained the objection.

In *Pappas v. Hauser,* Iowa, 197 N.W.2d 607, 611, we state:

"When persons place their agreement in writing, the parol evidence rule forbids the use of extrinsic evidence to vary, add to, or subtract from the agreement. But when that rule is invoked by a party, two distinct steps must be taken. First, the meaning of the words that the parties used in the writing must be ascertained (interpretation), and then second, the court must apply that meaning to the writing. *Hamilton v. Wosepka,* 261 Iowa 299, 154 N.W.2d 164. * * *."

After review of the record, including the trial transcript, we agree with the trial court's ruling plaintiff's evidence sought to vary, rather than assist in the interpretation of the contract entered into by McMullen and Western.

No reversible error has been established.

Affirmed.