Sawyers v. Drake.

JOHN L. SAWYERS, Appellant, v. ELY A. DRAKE, Respondent.

kansas City Court of Appeals, March 4, 1889.

1. **Appellate Practice** : EXCEPTION NOT SAVED. This court cannot consider objections to the ruling of the trial court when no exception thereto is saved.

2. **Practice** : EVIDENCE ON WHICH TO BASE INSTRUCTION. Where plaintiff himself testifies what the disputed services cost him, and that experienced men could not be had for less, there is, at least, some evidence on which to base an instruction directing the jury to allow plaintiff what such services were reasonably worth, and plaintiff cannot object thereto.

3. **Practice** : INSTRUCTIONS SUPPLEMENTING ONE ANOTHER. Instructions must be taken together and where defendant's instruction is but the supplement of one of plaintiff's, it is not objectionable.

4. ———— : INSTRUCTIONS, CONFLICT OF : NOT PREJUDICED BY : NOT REVERSIBLE ERROR. Though there may be a conflict of instructions, which is not conceived to be the fact in this case, yet, when the verdict of jury shows that the complaining party was not prejudiced thereby, such alleged conflict is not reversible error.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*H. Tannahill, H. J. Alley* and *M. F. Robinson,* for appellant.

(1)    The court erred in refusing to permit the appellant to prove the value of the services rendered and paid for by him in invoicing the goods received of Egbert. Then the court afterward, in instruction number 5, given on the part of the respondent, instructed the jury to allow appellant only such sum as the services

were reasonably worth, not what they believed from the evidence the services were worth, for there was absolutely no proof that they were worth less than the amount paid, to-wit, four hundred dollars. This should alone work a reversal of the case. (2) The court erred in refusing to permit the appellant to prove the amount expended by him for taxes on the land prior to the sale to Egbert. (3) The court erred in giving instruction number 2, prayed for by respondent. (4) Instruction number 4, on the part of respondent, should not have been given. (5) The verdict was against the evidence and the law as declared by the court.

*T. M. Fee* and *Hyde & Orton*, for respondent.

The jury found that the contract had been made by the parties, by which the defendant was to sell the land and have all it brought over the amount sufficient to pay the judgment, interest and cost. There was no controversy over the fact that defendant found the purchaser and brought him to plaintiff, and that the sale of the land was made in pursuance of a negotiation commenced and brought about by defendant. The fact that plaintiff finally consummated the sale with Egbert did not deprive defendant of the right to the compensation as agreed on. *Timberman v. Craddock*, 70 Mo. 638 ; *Goeffe v. Gibson*, 18 Mo. App. 1 ; *Beancomp v. Higgins*, 20 Mo. App. 614. There was no error on the question of the taxes paid by plaintiff on the land.

ELLISON, J.—This suit was brought at the March term, 1887, of the Mercer county circuit court. The petition was in two counts.

The first count declared on a balance on a judgment rendered in the district court of Appanoose county, Iowa, on the fourth day of March, 1884, for $7,646.27, bearing ten per cent. interest from the rendition thereof ;

with a credit of one hundred dollars, paid on the twenty-eighth day of November, 1884. Said first count further alleged that there was paid on said judgment, June 18, 1884, the sum of seven thousand dollars; said sum being derived from a foreclosure sale of a farm, under mortgage securing the note on which said judgment was founded.

The second count was for rents on the land sold at said foreclosure sale.

Defendant's answer set up a contract with one F. M. Drake, the original holder of the mortgage and judgment, and plaintiff's grantor and also with the plaintiff, by which they agreed that the defendant might sell the farm or find a purchaser therefor; and if there was a sale made of the farm he was to have all it sold for over the amount of the judgment, interest and costs; and alleges that the said land was sold to one Egbert for the sum of ninety-five hundred dollars under said contract, being $1,625 more than said judgment, interest and costs, for which sum of $1,625 he asks judgment.

Plaintiff's replication denied the two first counts in the answer and as to the counter-claim admits the sale of the land to Egbert, alleging that he received therefor $7,365 in merchandise, worth in cash $5,523.84 and $2,134.89 in money. That he was at great trouble and expense in invoicing and receiving said merchandise, and expended therein the sum of four hundred dollars, so that if defendant's alleged contract be true he has only received $7,258.73 for said lands, being an amount much less than said judgment, debt, interest and costs.

There was a trial before a jury, where there was evidence introduced by both the plaintiff and defendant tending to sustain the allegations in their respective pleadings contained. At the conclusion of the evidence the court by a number of instructions declared the law of the case to the jury.

The following instructions were given for the plaintiff:

1. Under the pleadings and the evidence the jury will not take into their consideration any agreement between the defendant and F. M. Drake in relation to the selling of said land.

2. The jury are instructed that they will find for the plaintiff, on the second count of the petition, such sum as they may believe from the evidence to be the value of the rents of the farm and dwelling mentioned in the evidence, from the tenth day of June, 1885, to the first day of December, 1886 ; unless they further find, from a preponderance of the testimony, that after the first day of March, 1886, the plaintiff employed the defendant to sell said farm for him, or find him a purchaser therefor.

3. The jury are instructed that they will find for the plaintiff on the first count of the petition the sum of ten hundred and thirty-three dollars, unless they should further find from a preponderance of the evidence that, after the first day of March, 1886, the plaintiff employed the defendant to sell said farm for him or find him a purchaser therefor.

4. If you find that there was a contract as claimed by defendant, the term judgment, interest and costs as used in the stipulations of such contract, then it should be construed to mean the original amount of said judgment, interest and costs without reference to the sale of the land for seven thousand dollars, and the amount due at the time of the sale to Egbert should be ascertained by computing the interest without reference to said credit by sale of the land.

5. The burden is on defendant to satisfy you, by the preponderance of the evidence, that the contract claimed by him to have been made by him with the plaintiff was made and entered into between him and plaintiff, and if you find that he failed to so prove said

contract, then you will find that the defendant is not entitled to any credit on said judgment, or to any allowance on his counter-claim.

6. If you find that plaintiff and defendant made the contract, as claimed by defendant, after March 1, 1885, and find that defendant furnished a buyer as claimed, but find that such lands were not sold for more than the amount that would satisfy the original amount of the judgment of F. M. Drake *v.* E. A. Drake and interest and costs due up to date of sale to Egbert, then you should find nothing for defendant on his counter-claim.

7. If you find that the contract was made as defendant claims, and that defendant was to have all the land sold for, over the amount paid by the plaintiff to F. M. Drake with ten per cent. interest from date of sale by F. M. Drake to plaintiff, then if you find that the land did not sell to Egbert for more than the amount so paid by plaintiff to F. M. Drake with ten per cent. interest per annum thereon up to date of sale to Egbert, then you should find nothing for defendant on his counter-claim.

8. If you find there was a contract between the plaintiff and defendant, as claimed by defendant, then to ascertain the state of the account between them you should ascertain the amount due on the judgment by computing interest on the original amount of the judgment at the rate of ten per cent. per annum from date of judgment to August 14, 1886, (date of sale to Egbert,) less one hundred dollars paid by defendant, and add such interest to original amount of judgment. To that amount add the amount of costs and taxes paid by plaintiff, with six per cent. per annum interest thereon from date of payment; then add to the amount so found to be due on the judgment, interest, costs and taxes, the amount you find was reasonably paid out by plaintiff as expenses in invoicing the goods. If the amount so

found is less than ninety-five hundred dollars, then deduct it from the ninety-five hundred dollars, and the balance will be the amount due defendant, August 14, 1886. If the judgment, interest, costs, taxes and interest thereon and the cost of invoicing the goods, amount to more than ninety-five hundred dollars, then deduct the ninety-five hundred dollars from the amount of judgment, interest, costs, taxes and expenses of invoicing, and the balance will be the amount due plaintiff, August 14, 1886, for which amount he should recover with ten per cent. interest thereon from August 14, 1886, to this date.

On the part of the defendant the court instructed the jury as follows : If the jury find from the evidence that the plaintiff and the defendant entered into an agreement, by which the defendant undertook to sell for plaintiff the land mentioned in the petition, and to have for his compensation therefor all that said land should bring over the amount of said judgment, interest and costs ; and that the defendant by his efforts brought about the negotiation between plaintiff and Egbert which resulted in the sale or exchange of said land, for money and goods, to said Egbert for more than the amount of said judgment and costs, then the defendant is entitled to his compensation to the amount for which said land was sold over the amount of said judgment, interest and costs, if anything, which remained unpaid at the time of the sale of the land by plaintiff, and the jury will find for defendant such excess ; and if the amount of such sale was not sufficient to satisfy said judgment, interest and costs then the jury can find no more on such judgment in favor of plaintiff than such deficiency.

2.   If the defendant by his exertion, by correspondence with Egbert or Egbert's agent, or by solicitation brought about the negotiations by which plaintiff sold the said land, or if defendant introduced to plaintiff

said Egbert for the purpose of making said trade then the defendant is entitled to compensation as provided by said agreement, although the trade was finally consummated by plaintiff with said Egbert.

3.   If the farm was sold and the consideration therefor was paid partly in money and partly in goods, and, by the agreement of the parties, a money value was placed upon the goods, then the total agreed value of the goods taken, and the money is to be considered the price for which the said land was sold, and the jury will so consider it in making their verdict in this cause.

4.   The jury will allow no more to plaintiff for rent than they believe the use of the place was reasonably worth, and against this they will allow the defendant the value of such improvements as defendant made on the farm and buildings thereon by the consent or agreement with F. M. Drake.

5.   The jury will allow no more to the plaintiff for the expense of invoicing the goods than what such services were reasonably worth.   To the giving of all which plaintiff excepted.

The jury found a verdict for the defendant in the sum of $1.76.   The plaintiff filed motion for new trial, which was overruled and judgment rendered accordingly.

This cause is brought here by appeal.

I.   The plaintiff contends that the circuit court erred in its refusal to permit him to show, by a witness, the value of certain services rendered by plaintiff in making an invoice of a stock of goods, but, as there was no exception taken and preserved to this ruling of the court we cannot notice the same.   *Parsons v. Railroad,* 94 Mo. 286.   Plaintiff in this connection makes the further contention that the circuit court should not have given the defendant's instruction numbered five, directing the jury to allow plaintiff what his services were

reasonably worth as there was no evidence on which to base the same.

This is a misconception of the evidence. The plaintiff himself testified what the disputed services cost him and that "I could not have got good experienced men for less than I paid." This was at least some evidence upon which to base the instruction complained of. We do not think plaintiff has suggested any ground upon which we would be justified in sustaining these contentions.

II. The plaintiff makes the objection that the trial court erred in refusing to permit him to prove the amount of taxes paid by him on the land.

The bill of exceptions read that "plaintiff offered to introduce testimony to show the amount of the taxes paid by plaintiff on the land prior to the sale to Egbert which was objected to and objections sustained."

There was no exception saved to the ruling of the court.

If this was an erroneous ruling by the trial court we cannot, on account of this omission, review it here.

III. The plaintiff makes the further objection that the trial court erred in giving defendant's instruction number two.

We do not think this objection well taken. The defendant's instructions together with those of the plaintiff must be taken and considered in their entirety. *Muehlhausen v. Railroad*, 91 Mo. 332 ; *Baily v. Railroad*, 94 Mo. 600 ; *C. S. F. & C. Railroad v. Vivian et al*, 33 Mo. App. 583. Defendant's instruction number two is but the supplement of his number one. Number one told the jury that if they found from the evidence that the plaintiff and defendant entered into the agreement referred to, and number two further told them that if the defendant by his exertion brought about the negotiation by which plaintiff sold his land, that then defendant was entitled "under the agreement

to compensation." The jury could not have misunderstood these plain directions of the trial court. This instruction seems to us was well enough.

IV. The plaintiff makes the further objection that fourth instruction given for defendant was erroneous in that it told the jury that they should allow no more to plaintiff for rent than they believed the use of said place was reasonably worth, and against this they would allow defendant the value of such improvements as he had made on said farm by consent of F. M. Drake, which was in direct conflict with plaintiff's first instruction, which told the jury that the agreement between defendant and said F. M. Drake, in relation to the sale of the land, should not be taken into consideration.

We do not conceive there is any such conflict. These two instructions refer to the renting of the land for which plaintiff makes claim in the second count of his petition. There was testimony tending to show that the defendant rented the land of F. M. Drake while he owned it, and that he was authorized to make certain improvements; and that while he was so occupying said land it was sold to the plaintiff whose relation to the defendant, as we understand it, was not different from that which his grantor had sustained.

The plaintiff's first instruction indicated to the jury that the defendant's alleged agreement with F. M. Drake for the sale of the land could not be considered, while defendant's instruction number four directed them that they could inquire into the matter of the renting of said farm by said Drake and the discharge of the rent or some part of it by making of the said improvements.

But whether this is so or not it seems that upon the substantial merits of the case the plaintiff was not prejudiced by the giving of the defendant's said instruction number four; for the jury found that the agreement between the plaintiff and defendant had been entered into, and it must have allowed plaintiff for the rent

without reference to the claim of defendant for improvements.

Upon the whole we think the case was fairly submitted to the jury under the instructions and we cannot say from an examination of the bill of exceptions that the verdict was contrary to the evidence, or contrary to the instructions, or to both.

We are all of the opinion that the judgment of the circuit court should be affirmed, which is ordered accordingly.