Charles WRIGHT (Plaintiff), Respondent,

v.

Jerome FICK, Administrator of the Estate of Lydia Druin, Deceased (Defendant), Appellant.

No. 29549.

St. Louis Court of Appeals.

Missouri.

June 4, 1957.

Mosby & Mosby, Linn, for appellant.

Henry Balkenbush, Linn, for respondent.

HOUSER, Commissioner.

This case comes to the writer on reassignment. The first trial resulted in a judgment for $1,216 for Charles Wright, plaintiff, against Jerome Fick, Administrator of the Estate of Lydia Druin, Deceased. On appeal to this court the judgment was reversed for insufficiency of the petition and failure of proof and the cause was remanded in order to give plaintiff an opportunity to amend his petition. Wright v. Fick, Mo.App., 275 S.W.2d 607. Plaintiff filed an amended petition in two counts. He elected to proceed to trial on Count 2, which alleged an oral agreement in the nature of a joint adventure entered into between plaintiff and Lydia for the operation of Lydia's homestead in the farm of her deceased husband, Victor; plaintiff's inability to prove the existence, terms and conditions of the contract by reason of the Dead Man's Statute, Section 491.010 RSMo 1949, V.A.M.S.; that plaintiff performed work and labor on and off the farm and provided for the personal needs of Lydia for 12 years and 5 months in the belief in good faith that he would receive a ½ interest in the profits, accumulations and savings derived from the operation of the farm; that he received no compensation therefor; that no family relation existed between the parties; that he did the work with the expectation that he would be compensated therefor by receiving a ½ interest as aforesaid; that defendant refuses to compensate plaintiff although defendant has in his hands $3,648.54 profits from the operation of the farm by the parties; that plaintiff stands to be defrauded out of his work and that the heirs of Lydia will be unjustly enriched at his expense if he is denied compensation for his many years of work and labor. Plaintiff prayed for "equitable" and "full and complete" relief

and that the court "ascertain the fair value of his work and labor and for judgment to adequately compensate plaintiff for the reasonable value of his work and labor * * * " or "to adjudge plaintiff a one half interest in all the accumulations and earnings of the joint adventure * * * " and for full and complete relief. No specific value of his services was alleged and no specific sum of money was prayed for, except as above stated. Judgment for plaintiff was rendered on a jury verdict for $4,000. Defendant appeals from that judgment.

Sufficient evidence was introduced on behalf of plaintiff to support a jury finding that plaintiff performed the work as claimed under some kind of an arrangement or agreement whereby he was to be paid, and that he was not paid. The value of his work was estimated variously at $1 a day; $1 a day plus board, and $35 a month plus board.

Appellant's first point is that the court erred in overruling his motion to dismiss for failure of the petition to state a claim upon which relief may be granted.

■ It is first urged that the petition is defective in failing to allege the amount of damages suffered by plaintiff. While generally, in a petition in quantum meruit, the reasonable value of services rendered should be alleged, Klein v. Terminal R. Ass'n of St. Louis, Mo.App., 268 S.W. 660, the omission of such an allegation is not fatal to the statement of claim upon which relief can be granted. Huggins v. Hill, Mo.App., 245 S.W. 1105, loc. cit. 1107; 71 C.J., Work and Labor, § 90, p. 120. There was, however, no failure in this respect. The petition shows that the labor and services were not performed gratuitously but with the expectation of compensation and in the belief in good faith that he would receive a ½ interest in the parties' joint accumulations alleged to amount to $3,648.-54, and alleges the withholding of his interest and a refusal by defendant to compensate him or return to plaintiff his ½ interest therein. This constitutes a sufficient allegation of damages.

■ It is next urged that while the petition pleads a specific, express contract plaintiff erroneously seeks to recover upon the theory of quantum meruit. Defendant cites State ex rel. Ray & Son v. Kelly, Mo. App., 131 S.W.2d 371, for the proposition that where a petition seeks recovery upon an express contract the plaintiff is not entitled to recover upon quantum meruit. The rule cited is indisputable but without application here. This petition is not based upon an express contract. While plaintiff in his petition refers to the fact that an oral contract in the nature of a joint adventure was entered into he specifically alleges that by virtue of the Dead Man's Statute he cannot prove its existence and terms, and consequently seeks to recover the reasonable value of his work and labor. Fairly construed Count 2 constitutes an abandonment of the contract as the basis of his claim and the assertion of a claim upon quantum meruit for the reasonable value of plaintiff's services, limited in this particular case, however, by a novel but nevertheless clearly self-imposed limitation on the amount of his damages. Many cases have sustained the right of a plaintiff to abandon his contract and sue the administrator at law on the theory of quantum meruit. Blackwell v. De Arment's Estate, Mo.App., 300 S.W. 1035; Hall v. Getman, 121 Mo. App. 630, 97 S.W. 607.

■ Defendant's next point is that the evidence established a family relationship between plaintiff and Lydia giving rise to the presumption that plaintiff's services were rendered gratuitously; that plaintiff failed to rebut the presumption by proving an agreement by Lydia to pay for his services or any facts and circumstances from which a promise to pay reasonably could be inferred. For the purpose of deciding the point we will assume (but do not hold) that a family relationship existed. In spite of this assumption it is clear that there were facts and circumstances from which the

jury could infer that there was a mutual understanding and intention that plaintiff be paid for his services. Alonzo Wright testified that Lydia said "they went halvers on the stuff, and he would be took care of." Norman Wright testified that Lydia's husband said, "Well, I am thinking about trying to make some kind of an agreement so somebody would stay here with Lydia, so she wouldn't be by herself * * * I was thinking about giving half. So would that be all right, Lydia?" to which Lydia answered, "Yes, I guess it would." August O'Chesky testified that Lydia said, "If Charlie would continue staying with her until her death, why she intended to see that he got half of what was left there." While such evidence is too vague and uncertain to support a judgment based on a specific contract, see former opinion in this case, 275 S.W.2d loc. cit. 610, 611, it is sufficient to support a finding that the services were rendered under a contract and not gratuitously, even though the precise terms and conditions of the contract are incapable of exact proof.

■ Defendant makes the further point that the court erred in giving plaintiff's Instruction No. 3 for the reason that it assumes the very point in issue. No. 3 reads as follows:

"The Court instructs the jury that, because Lydia Druin is deceased and a party to the agreement, the plaintiff is not a competent witness in his own behalf and therefore is not permitted by law to testify in this case."

Instruction No. 3 was "error—plain and unadorned."[1] Whether the giving of Instruction No. 3 is reversible error depends upon a consideration of the whole charge to the jury. If an ordinary juror would be led to believe that the court considered the assumed fact to have been established, the error is reversible. From a careful consideration of the entire record we conclude that the error did not "materially affect the merits of the action," and that we are prohibited by Section 512.160, subd. 2 RSMo 1949, V.A.M.S. from reversing the judgment. Instruction No. 3 is not a verdict-directing instruction. In the nature of a cautionary instruction, it merely explains to the jury the reason plaintiff was not permitted to testify. Plaintiff's main verdict-directing Instruction No. 1 required that the jury, as a condition to the return of a verdict for plaintiff, find that Lydia "promised and agreed to compensate plaintiff." The jury was required to find "that there was such an agreement and promise." Defendant's main verdict-directing Instruction No. 4 commenced by directing that no promise or agreement could be implied from the fact that the services were rendered and accepted, if a family relationship existed. No. 4 referred to the presumption that the services were rendered gratuitously, and fixed upon plaintiff the burden of proving that "there was an agreement or mutual understanding between them that plaintiff was to be remunerated for the services rendered," and directed a verdict for defendant unless the jury found from the evidence "a promise to pay * * * from * * * facts or circumstances which in their nature justify the inference of an actual contract of hire or an actual understanding between the parties to that effect." It is elementary that instructions must be read together as an entire charge. No ordinary juror reading Instructions Nos. 1 and 4 in connection with No. 3 would conclude that the court had assumed in No. 3 that a contract was established. The record, considered as a whole, reveals unmistakably to any ordinary mind that the vital issue, which had to be found one way or the other by the jury and which the court was propounding and not postulating, was whether the services were rendered gratuitously, or with the expectation of compensation as the result of some kind of a promise or agreement. Therefore, although Instruction No. 3 was erroneous and in that form should

1. An instruction in Schultz v. Schultz, 316 Mo. 728, 293 S.W. 105, was so characterized.

not be given in this type of case, the error did not materially affect the merits of the action. In this connection see In re Stein's Estate, Mo.App., 177 S.W.2d 678, and cases cited loc. cit. 684 [17, 18]; Sawyers v. Drake, 34 Mo.App. 472.

 Finally, defendant contends that the court erred in giving plaintiff's Instruction No. 1 because it permitted the jury to return a verdict for a greater sum than that asked by the pleadings. No. 1 authorized the jury to return a verdict "in such sum as you may find and believe from the evidence such services are reasonably worth." Citing Weller v. Missouri Lumber & Mining Co., 176 Mo.App. 243, 161 S.W. 853, for the rule that an instruction is improper which permits the jury to give a verdict for a greater sum than that asked by the pleadings defendant contends that the jury was given a "roving commission so far as damages are concerned." There is merit in this contention. By the allegations of Count 2 of his petition plaintiff limited himself to "a one-half interest in all the accumulations and earnings of the joint adventure," fixed by him at $3,648.54. Any recovery in excess of ½ the latter sum was beyond the prayer of the petition and Instruction No. 1 should have so limited plaintiff's recovery. The error, however, does not call for a new trial and can be cured by remittitur. Muench v. South Side Nat. Bank, Mo.Sup., 251 S.W.2d 1; Acy v. Inland Security Company, Mo.App., 287 S.W.2d 347; Trustees of Christian University v. Hoffman, 95 Mo.App. 488, 69 S.W. 474.

Your Commissioner therefore recommends that if within thirty days plaintiff will remit the sum of $2,175.73 from the judgment in his favor the judgment be reversed and the cause remanded with directions to the trial court to enter judgment in the reduced amount, to wit, $1,824.-27, plus interest on $1,824.27 at six per cent from October 17, 1955 to the date of the entry of the new judgment; and that otherwise the judgment be reversed and the cause remanded for a new trial.

**PER CURIAM.**

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court, and, pursuant to his recommendation, if within thirty days plaintiff will remit the sum of $2,175.73 from the judgment in his favor the judgment will be reversed and the cause remanded with directions to the trial court to enter judgment in the reduced amount, to wit, $1,824.27, plus interest on $1,824.27 at six per cent from October 17, 1955 to the date of the entry of the new judgment; otherwise the judgment will be reversed and the cause remanded for a new trial.

ANDERSON, Acting P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.