**George L. ADAMS, Respondent (Plaintiff),**

**v.**

**Clyde M. SMITH, Appellant (Defendant).**

No. 22633.

Kansas City Court of Appeals.

Missouri.

Dec. 2, 1957.

Francis G. Hale, Robert E. Coleberd, Liberty (Arthur R. Kincaid and William B. Waters, Liberty, of counsel), for appellant.

Harry v. Jenkins, Liberty, for respondent.

CAVE, Judge.

This is an action for the alleged balance due plaintiff for the construction of a building for the defendant. Because of the issues raised on appeal, we state the material allegations of the petition.

It alleges that plaintiff is a building contractor; that on or about November 24, 1954, defendant employed plaintiff to build and construct a one-story building in Liberty, Missouri; that plans were presented to plaintiff, and plaintiff agreed to con-

struct said building, as provided and required by said plans, for $7,850; that a written contract was executed by plaintiff and defendant; that said contract contemplated the building be constructed according to the plans furnished; that accordingly, plaintiff commenced work on said building and immediately thereafter, "defendant in consultation with plaintiff decided to make certain and elaborate changes and alterations in the original contract and plans and as the work progressed, defendant did continue to make changes in the plans and construction. That the original contract based upon the original plans, was abandoned by both parties and plaintiff proceeded to construct and erect said building, according to the wishes and desires of defendant and as ordered, directed and supervised by defendant. That said changes and additions and alterations and the extra charges thereby incurred are set out on the attached list and made a part hereof. That plaintiff agreed to construct said building as originally planned and submitted to him for $7850.00, but said contract and agreement was abandoned and plaintiff proceeded to construct the building as ordered and directed by defendant, on a basis of labor and material furnished, a statement to be furnished defendant weekly or thereabouts. That settlement was made each week based upon the statements and estimates furnished by plaintiff to defendant, covering the current bills for labor and material furnished, and payment was made accordingly by defendant. That on February 16, 1955, defendant suddenly terminated the work and ordered *defendant* (plaintiff) to cease work, stating that he was not going to spend any more on the job and building. That defendant failed and refused to pay the amount then currently due on said building at that time which was, February 7, 1955, $645.21, and February 16, 1955, $1324.64. That defendant is entitled to a credit of $195.00 being the Liberty Plumbing Company bill, which he had paid, and also a credit of $500.00, being the advance which was paid to plaintiff when the work started, leaving an unpaid balance due the plaintiff of $1274.85,

for labor, work and material, all done and placed into said building, as ordered and directed by defendant."; for which amount plaintiff prays judgment.

Copies of the original written contract, and of the items of February 7th and February 16th claimed to be due were attached to the petition. The items claimed are as follows:

| "Payroll ending February 4, 1955 | $ 100.25 |
| 6% Social Security and Insurance (26.00) | 1.56 |
| | $ 101.81 |
| Materials: | |
| Liberty Lumber Co. invoices delivered | 484.74 |
| Contractor's overhead and commission 10% | 58.66 |
| Total | $ 645.21 |
| Payroll ending February 15, 1955 | $ 76.00 |
| 6% Soc. Sec. and Ins. | 1.92 |
| | 77.92 |
| Materials and sub-contracts | |
| Leo Adams Plumbing and Heating Co. | 585.26 |
| Liberty Plbg. Co. | 195.00 |
| Material and labor for laying asphalt tile and base | 336.00 |
| Anderson Hardware | 4.23 |
| Liberty Lumber Co. | 15.81 |
| | $1204.22 |
| Contractor's overhead and 10% commission | 120.42 |
| | $1324.64" |

The total of these two items is $1,969.85, but plaintiff gives credit for $695, as shown in the petition, leaving the claimed balance $1,274.85.

Defendant's answer alleged that plaintiff's petition failed to state facts upon which any relief could be granted, and asked for dismissal of the petition. The answer admitted that defendant "did some work on and furnished some material for the construction of a business building * * * for defendant"; but denies all other allegations of the petition.

The defendant also filed a counterclaim in two counts. The first alleges that the defendant had inadvertently and by oversight paid the plaintiff the sum of $5,810.96 in excess of the amount of work done and materials furnished by plaintiff. The second count alleges that defendant had

employed plaintiff to construct a certain building and to furnish the labor and material therefor; that plaintiff was to construct said building in a workmanlike manner with sound material; that plaintiff did some work and furnished some material for the construction of said building, but failed to perform said work in a good workmanlike manner, and alleges certain specific deficiences, and prays for judgment of $5,-000 on the second count. The reply was a general denial.

The jury returned a verdict for the plaintiff on his petition for $1,274, and found for the plaintiff on defendant's counterclaim. Judgment was entered accordingly. Defendant's motion for new trial was overruled and he perfected his appeal.

Defendant contends that the court erred in overruling his motion for a directed verdict at the close of all the evidence because (a) plaintiff's petition does not allege that the amounts he claims for work, labor and materials were the fair and reasonable value thereof, consequently the petition does not state a cause of action; (b) that plaintiff did not make a submissible case because there was no evidence that the amounts claimed for work, labor and materials were fair and reasonable and worth the amount he sought to recover.

Defendant also contends that the court erred in giving plaintiff's instruction No. 1 because it did not require the jury to find that the amounts claimed by plaintiff for work, labor and materials were the fair and reasonable value thereof.

It is apparent that plaintiff's petition is not founded on the original written contract. It alleges that the contract was mutually abandoned by the parties and that plaintiff "proceeded to construct and erect said building, according to the wishes and desires of defendant and as ordered, directed and supervised by defendant. * * * on a basis of labor and materials furnished, * * *". Unquestionably, the petition is brought in quantum meruit.

Furthermore, plaintiff's verdict directing instruction No. 1, among other things, requires the jury to find "that by mutual agreement they (plaintiff and defendant) abandoned said contract and plaintiff thereafter proceeded to furnish material and labor in the construction of said building * * *, and did construct said building according to instructions and directions of defendant, * * * and you are further instructed that if you find the issues for the plaintiff, then your verdict should be in such reasonable amount, if any, as you find and believe from the credible evidence is still due and owing the plaintiff for the work, labor and material, if any, that was put into said building, if so, according to the directions and orders of the defendant if you find he did so direct and order."

During the trial this occurred: "The Court: You didn't bring the suit on the written contract, Mr. Jenkins? (Attorney for plaintiff.) Mr. Jenkins: No, I haven't. * * * I have brought a suit for, you might say, for goods sold and delivered, * * *".

It is inescapable that plaintiff sought, by his petition and by his instruction No. 1, to plead and submit his case in quantum meruit, and not on the written contract.

There is no allegation in the petition that the amounts charged for labor and materials furnished are fair and reasonable; the instruction does not require the jury to find that the charges therefor are fair and reasonable; and there is no testimony in the record that the amounts charged for labor and materials are fair and reasonable.

Quantum meruit means "as much as he has deserved", and the burden is on the claimant to plead, prove and have the jury instructed, that his charges are fair and reasonable. Rodgers v. Levy, Mo.App., 199 S.W.2d 79, 82,—citing an array of cases.

Plaintiff relies principally on an opinion by this court in Cross v. Robinson, Mo.App., 281 S.W.2d 22. The plaintiff misinterprets that opinion. The first count of the petition in that case was based upon a building contract which (23), "alleged that the work had been completed according to contract; that defendant had refused to pay the balance due"; and prayed judgment for the balance due. What was said relative to count one is not controlling in the instant case, because plaintiff does not rely on the contract, and that he completed the building according to contract. The second count of the petition, in the Cross case, alleged that plaintiff and defendant had entered into a written contract for the installation of a septic tank, drains, etc., for the contract price of $950; but that plaintiff did not complete the contract because of certain acts of the defendant. The petition then alleged (23), "The reasonable value of plaintiff's services actually rendered in connection with the installation of said septic tank, drains, pump, flue and bathroom is $911.00, less the following credits: * * *". We held the second count was in quantum meruit; that there was substantial evidence of the reasonable value of the labor and material furnished, and that the instruction properly submitted the measure of recovery upon reasonable value of the services rendered and material furnished. That is precisely what plaintiff's evidence and instruction do not do in the instant case.

There are many cases discussing the rights of a building contractor where the contractor is prevented, by the unauthorized act of the owner, from completing the contract; and also where the contractor voluntarily abandons the contract. We need not go into a general discussion of the subject because in this case it is alleged the parties mutually abandoned the written contract, and the plaintiff undertook to plead his cause of action in quantum meruit. But for an informative discussion of the rights of a building contractor, see Bradley Heating Co. v. Thomas M. Sayman Realty & Investment Co., Mo., 201 S.W. 864; Huggins v. Hill, Tex.Com.App., 245 S.W. 1105, 1107.

Because of the issues raised on appeal, it is unnecessary to detail the evidence other than to take notice that there is no evidence of the reasonable value of the labor and material sued . for. The petition does not wholly fail to state any cause of action whatever, although imperfect in stating a claim in quantum meruit.

From what we have said, the judgment should be reversed and the cause remanded. It is so ordered.

All concur.