George L. ADAMS, Respondent,

v.

Clyde M. SMITH, Appellant.

No. 22958.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1959.

Hale, Coleberd, Kincaid & Waters, Liberty, for appellant.

Harry B. Jenkins, Liberty, for respondent.

SPERRY, Commissioner.

This is a suit in quantum meruit. It is for an unpaid balance alleged to be owing to plaintiff by defendant on account of materials, labor, etc., furnished in constructing defendant's building. There was a verdict and judgment for plaintiff in the amount of $1,553.64; defendant appealed.

This case was previously before us. See 307 S.W.2d 525.

Defendant owned a lot in Liberty and contracted with plaintiff for the construc-

tion of a building thereon, for occupancy by the Red Cross. The contract provided that plaintiff would construct the building according to "plans and specifications," on the basis of cost of labor, materials, insurance, and social security charges, plus ten per cent for builder's overhead and profit. It was to be done in a workmanlike manner and according to good building practices, at a total cost of $7,850 or less.

Plaintiff's testimony was to the effect that no written specifications were ever prepared; that a plan was drawn providing for construction of a building 18 x 40; that, after the foundation was begun, defendant requested that the width be made 20 feet, which was done; that the front, originally, was to be straight and flush with the sidewalk but that defendant requested that the front entrance be recessed, which was done; that the original plan did not provide for cabinets but that, at defendant's request, cabinets were built; that no outside stairway was originally planned but that, at defendant's request, one was built; that a concrete sidewalk was also built at defendant's request, although none had originally been planned; and that other changes were made from what the parties originally planned to do in regard to the construction; that such changes were by mutual agreement. He stated that such changes resulted in construction costs in excess of those contracted for.

Plaintiff also stated in evidence that, from the beginning of construction, he submitted to defendant weekly statements showing the exact cost of all materials, labor, insurance, social security charges, and builder's overhead and profits, and that defendant paid all such amounts as stated except the statements of February 7 and 16, 1955; that defendant did not pay the February 7th statement but did not tell plaintiff to stop work; that, after submission of the statement for the period ending February 16th defendant refused to pay same, told him to stop work, and stated that he would not pay any amount in excess of a total sum of $7,850; that the two unpaid statements

total the sum of $1,969.85 but that defendant had advanced, at the beginning of construction, the sum of $500 and had, thereafter, paid a plumbing bill for $195, which sums are to be deducted from the above; that the unpaid balance due him for labor, materials, insurance, social security charges and builder's overhead and profit is $1,274.85, being the net balance due on the statements of February 7th and 16th, after deducting $695, as indicated. The evidence was within the allegations of the petition. Plaintiff also asked for interest.

Defendant testified to the effect that, before construction began, plaintiff produced a "plan" for the building but that defendant did not approve it; that, thereafter, plaintiff prepared and showed him a second plan which indicated a building 20 feet by 40, with recessed entranceway and outside stair steps to the basement; that cabinets were to be built therein; that the water downspout was to be at the front instead of at the rear, as built; that the windows were to be of steel, not wood, as built. He also stated that the roof leaked, that the building settled and caused the walls to crack. Defendant filed a counterclaim and the above testimony was offered in support of same and also as tending to prove that plaintiff did not perform his contract by constructing the building, according to plan, in a workmanlike manner and in accordance with good building practices.

Plaintiff stated that defendant agreed that the downspout should be at the rear, and said that the cracking of the walls and leaking of the roof were due to the settling of the building at one corner where water from this and other buildings ran under it and caused the supporting earth to soften; that he anticipated such a result and recommended construction of a retaining wall to prevent it but defendant would not approve of it; that such a wall had since been built. He stated that defendant told him to install wood window sashes instead of steel in order to save money.

The case was submitted by plaintiff on his theory as pleaded and as supported by his evidence, and by defendant on his theory of defense, and on his counterclaim. The jury found for plaintiff in the amount of $1,553.85, and for him on defendant's counterclaim.

Defendant contends that error was committed in that plaintiff has been permitted to recover $182.56 in excess of what he was entitled to recover under his theory of *quantum meruit;* that such sum represented plaintiff's claim for social security and insurance in the amount of $3.48, and ten per cent contractors profits in the sum of $179.08. Such sums are included in the judgment.

It is not necessary to rule this contention, in this case, (but see Bradley Heating Co. v. Thomas M. Sayman Realty & Investment Co., Mo., 201 S.W. 864, 867–868) because plaintiff concedes the error and requests that the judgment be reduced to the sum of $1,346.87.

Defendant also contends that plaintiff has, by filing his Exhibit 5, admitted having been paid the sum of $674.22, same being charges for social security, insurance, and contractor's profits paid by defendant prior to February 7, 1955. He says that such sum was paid by error or mistake and defendant is entitled to recover it in this action. That item was not included in plaintiff's claim. It had long since been paid by defendant, without protest, on weekly statements rendered wherein such charges clearly appeared. Defendant filed answer alleging his compliance with the contract, that plaintiff violated said contract; and he pleaded a counterclaim. In the latter he specified the items for which he sought recovery, and the item herein mentioned was not included. He counterclaimed for defective materials and workmanship, and for plaintiff's failure to build in a workmanlike manner, and he prayed for damages in the amount of $5,000. This contention must be denied, if for no other reason than because it was not pleaded and the cause was tried and submitted by defendant on a different theory.

It is not necessary to mention other reasons for our ruling.

Since plaintiff concedes that the judgment is excessive for the reasons herein stated, the judgment should be affirmed in the sum of $1,346.87, the amount asked by plaintiff in his brief herein.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.