Gerald BODDE, d/b/a Gerald Bodde & Sons, Respondent,

v.

James F. BURNHAM and Janeen Burnham, Appellants.

No. KCD 30301.

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

Michael Paul Harris, St. Joseph, for appellants.

Richard A. Heider, Stephen J. Briggs, St. Joseph, for respondent.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

CLARK, Judge.

Plaintiff contractor commenced this action to recover the value of labor and materials furnished in constructing improvements at defendants' residence. In dispute were amounts charged by plaintiff when bills were rendered to defendants after completion of the work. Defendants appeal the judgment entered on a jury verdict reduced by remittitur to $4,849.06.

Appellants advance two points contended to be trial error. The first asserts that plaintiff's verdict directing and damage instructions, although predicated on an implied agreement of defendants to pay the reasonable value of labor and materials supplied, erroneously failed to limit recovery to a stated contract price. Secondly, appellants contend that the verdict was not supported by competent evidence as to the value of labor and materials.

Some review of the evidence is necessary to evaluate the instruction and submission issues. We defer, of course, to resolution by the jury in plaintiff's favor of disputed fact questions on which competent evidence appears. *Koenig v. Skaggs*, 400 S.W.2d 63, 67 (Mo.1966).

Defendants originally engaged plaintiff to replace a flagstone patio with brick. A firm contract price of $3,200.00 was orally agreed subject to a credit of $400.00 if defendants supplied the brick. After work had commenced, defendants found that they would be unable to obtain the particular used bricks as they had expected and commissioned plaintiff to locate antique paver brick in place of the new brick on which the original contract price had been based. Suitable bricks were obtained and defendants directed that they be used after plaintiff informed defendants that such would be at additional cost.

As the patio neared completion, defendants in a discussion with one of plaintiff's workmen agreed that it would be desirable to add mortar to the joints of an existing rock wall adjacent to the patio. In reply to defendants' inquiry as to cost, plaintiff estimated that the charge for labor would be "around three hundred fifty dollars." Plaintiff was instructed by defendants to commence work on the wall. As this work progressed, defendants decided to enlarge the extent of the work by raising the height of the wall and in response to defendants' question about cost, plaintiff gave an estimation of "around another $350.00."

Finally, when plaintiff had completed approximately two-thirds of the work on the wall, defendants added a further job, that plaintiff work on a dog kennel and dog run when the wall was completed. No discussion of price for labor, materials or the total job accompanied the order for work on the dog kennel project which accounted for $823.81 of the final bill.

At trial, defendants conceded their obligation to pay the amount billed for the dog kennel, less 15 percent overhead deducted by the court's order for remittitur, and they also conceded the debt of $3,200.00 for the patio work as originally contracted. So, too, was there no dispute as to the quality of plaintiff's workmanship nor did defendants contest that the work done conformed to that which they had ordered. The accounts in controversy were the material charges for the paver brick in excess of the original contract price for the patio and the charge of $2,475.60 for the rock wall to the extent that bill exceeded plaintiff's original estimate.

Further resolution of the disputed amounts was accomplished by order for remittitur of 15 percent overhead charges on the billing for work on the rock wall reducing that item to $2,152.70. Plaintiff responded by remitting in conformity with the court's order, thus arriving at the judgment figure of $4,849.06.

Despite the significant sums involved, no feature of the successive agreements between plaintiff and defendants and their later modifications, either as to the scope of the work or costs, was ever placed in writ-

ing. As is apparent in retrospect, such arrangements found the parties in subsequent disagreement as to the terms of their understandings. Plaintiff's action, however, was not based on agreed contract amounts but sought recovery for the reasonable value of the labor and materials furnished. The verdict directing and damage instructions patterned after MAI Nos. 26.05 and 4.04 submitted this theory of quantum meruit. Defendants complain that these instructions fail to limit plaintiff's recovery to the contract price. They cite *State v. Aetna Casualty & Surety Company*, 350 S.W.2d 418 (Mo.App.1961) and *Cross v. Robinson*, 281 S.W.2d 22 (Mo.App. 1955) in support of the proposition that damages in a suit on quantum meruit based on a contract must be limited to the contract price.

■ The cases cited are inapplicable to the facts of the subject case. In both the *State* and *Cross* cases, the actions were based on written construction contracts but partial or imperfect performance alleged to have resulted from acts of the defendants relegated plaintiffs' claims for damages to the theory of quantum meruit. Under the rule in those cases, a contractor may sue on a contract and seek recovery for the reasonable value of labor and materials supplied in partial performance, but the contract price as prima facie evidence of reasonable value establishes a limit on the sum recoverable. In neither of the cited cases was the contract itself in issue.

■ In the subject case, plaintiff's stated cause of action for the reasonable value of labor and materials supplied was based not on a fixed sum contract but on defendants' express or implied agreement to pay the reasonable value of that which plaintiff furnished on defendants' order. Defendants, to the contrary, relied on an express contract price for the patio and for the rock wall claiming that plaintiff was bound by the oral agreements not to charge in excess of the amounts quoted. Limitation on plaintiff's recovery to a contract price was a factor affecting the jury's award of damages not by reason of plaintiff's theory for

recovery but by reason of the factual dispute generated by defendants' theory of defense. The verdict directing and damage instructions therefore properly omitted reference to a contract price. Plaintiff was entitled to submit the case to the jury on his theory of recovery if supported by substantial, competent evidence. *Certa v. Associated Building Center, Inc.*, 560 S.W.2d 593, 596 (Mo.App.1977).

■ Defendants also contend that the consequence of plaintiff's damage instruction was a jury verdict of excessive damages and that plaintiff erroneously submitted only a single verdict directing instruction when three separate contracts were at issue. Except for the original issues of whether defendants ordered use of the more expensive brick and whether amounts quoted by plaintiff for work on the wall were firm figures or were estimates, issues decided by the jury contrary to defendants' contentions, excessiveness of the verdict does not appear. By its verdict, the jury awarded plaintiff only the amounts consistent with plaintiff's proof of disputed items and in conformity with the submission in quantum meruit.

■ Defendants also appear to overlook the effect of the evidence in the case, including defendants' testimony, which unmistakably characterizes plaintiff's quotations for work on the wall as estimates. The only evidence of reasonable value of labor and materials was that offered by plaintiff and was therefore the only evidence appropriate for consideration by the jury in awarding damages. Advance price quotations clearly given as no more than estimates or approximations do not bind the contractor to a fixed sum. *Beeler v. Miller*, 254 S.W.2d 986 (Mo.App.1953); *J. E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261 (Mo. banc 1973).

■ Defendants' contention that a single plaintiff's verdict director was improper also fails to recognize the evidence upon which the case was submitted. As noted above, the only contested issues were defendants' obligation to pay the reasonable

additional cost for the paver bricks and the amount to be assessed as the reasonable value of labor and materials furnished in repair of the rock wall. While the patio and the wall were jobs of somewhat different types, all of plaintiff's work was done in one continuous operation under successive orders by defendants expanding the original project and plaintiff submitted on the disputed charges only one theory for recovery, that of quantum meruit. The result does not indicate and defendants fail to suggest that the verdict directing instruction confused the jury nor have defendants noted any prejudice which they suffered.

Finally, defendants contend that there was no competent evidence as to the fair and reasonable charges for plaintiff's labor and the materials furnished. Cited are authorities holding that the burden is on plaintiff proceeding in quantum meruit to prove this element before recovery may be had. Again it is appropriate to observe that defendants' concession of their obligations for payment of plaintiff's account on the patio, exclusive of the charge for the brick, and the billing on the dog kennel reduced plaintiff's burden of proof to the limited disputed areas.

As to the brick, plaintiff testified that the material used was that selected by defendants which he purchased at the cost price included in defendants' bill. As to the rock wall, plaintiff, who had been a masonry contractor for 38 years and a journeyman bricklayer for 27 years, testified as to the reasonable value of labor furnished. Such evidence was based on plaintiff's personal observation of the work on a day-to-day basis and his supervision of workmen in his employ. While some issue was made at trial concerning a time record book offered and refused as an exhibit, plaintiff was adequately qualified to testify on the issue of reasonable charges for labor, the burden of proof on the question was satisfied and plaintiff's evidence was uncontradicted. Defendants' point on the issue of proof is without merit.

The judgment is affirmed.

All concur.