**McCARDIE & AKERS CONSTRUCTION CO., INC., Plaintiff-Respondent,**

v.

**Robert M. BONNEY and Sandra K. Bonney, Defendants-Appellants.**

No. 45398.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 8, 1983.

William F. Brighoff, Burkemper & Brighoff, Troy, for defendants-appellants.

Robert E. Edwards, Gallego & Edwards, Troy, for plaintiff-respondent.

DOWD, Judge.

Defendants appeal the trial court's award of damages in the sum of $2825 to plaintiff on its claim in quantum meruit. We reverse and remand for a new trial.

In April 1978 defendants contracted with Troy Home Sales, represented by Robert L. Rotter, for the purchase of a pre-built home to be erected on defendants' property. The contract reflects that plaintiff as subcontractor would provide the basement. Plaintiff performed part of the designated work, but ceased construction prior to completion because it had not received payment. On May 27, 1978, plaintiff sent a bill to defendants for work it had done; the bill remained unpaid.

Plaintiff subsequently filed its Amended Petition on Account in two counts. According to plaintiff, Count I alleged a contract between plaintiff and defendants and Count II was an alternative claim for unjust enrichment or quantum meruit. The allegations of Count II were in essence that, upon the express instance of defendants, plaintiff provided certain labor and materials to defendants, plaintiff demanded payment of $4637, and defendants refused to pay any sum to plaintiff.

Defendants correctly contend that a claim in quantum meruit requires the claimant to plead and prove the reasonable value of the labor and materials provided. Defendants' first three points of error further contend that plaintiff's petition and evidence have failed in this respect.

Quantum meruit is based on a promise implied by the law that a person will pay reasonable compensation for valuable services or materials provided at his request or with his approval. *Berra v. Bieg Plumbing Co., Inc.,* 584 S.W.2d 116, 118 (Mo.App. 1979).

To recover in quantum meruit, a plaintiff must plead and prove that it provided to defendant materials or services at the request or with the acquiescence of defendant, that those materials or services had a certain reasonable value, and that defendant, despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor. *Laughlin v. Boatmen's National Bank of St. Louis,* 354 Mo. 467, 189 S.W.2d 974, 978 (1945); *State ex rel. Scott v. Sanders,* 560 S.W.2d 899, 902 (Mo.App.1978).

*Id.*

Count II of plaintiff's petition merely alleges a demand for payment of $4637; it does not allege that $4637 or any other sum is the reasonable value of the labor and materials provided. Although a petition in quantum meruit should allege the reasonable value of services rendered, omission of such an allegation is not fatal to the statement of any cause of action. *American Drilling Service Company v. City of Springfield,* 614 S.W.2d 266, 274–75 (Mo.App. 1981); *Wright v. Fick,* 303 S.W.2d 157, 159 (Mo.App.1957). *See Adams v. Smith,* 307 S.W.2d 525, 528 (Mo.App.1957).

On the other hand, failure to *prove* the reasonable value of materials and services furnished *is* fatal to recovery in quantum meruit. *Bybee v. Dixon,* 380 S.W.2d 539, 543 (Mo.App.1964); *Williams v. Cass,* 372 S.W.2d 156, 161 (Mo.App.1963). Since this case centers on services calling for special skill, the value of which is not a matter of

common knowledge, plaintiff was obliged to prove the reasonable value of those services. *Tuttle v. Brayton,* 215 S.W.2d 46, 49 (Mo.App.1948). The only evidence of reasonable value lay in the testimony of Willard McCardie, who performed the work with the aid of his employees. After Mr. McCardie attested that the value of the work performed was $2825, the following exchange occurred, with plaintiff's attorney questioning Mr. McCardie:

Q. Is that a fair and reasonable price for the work—

MR. BRIGHOFF: Objection, your Honor. Outside the scope of the pleading.

THE COURT: Overruled.

Q. You may answer.

A. I consider the work—we have a standard price that we charge everybody, and it was just what we normally charge.

Q. Is it fair and reasonable for the community in which the work was done?

MR. BRIGHOFF: Objection. Outside the scope of the pleading.

THE COURT: Overruled.

A. Well, evidently it was. If you get contracts, you get the low bid and they gave it to you it must be reasonable.

■ We must agree with defendants that the trial court erred in overruling their objections to this testimony. Plaintiff did not plead that its charges were fair and reasonable. In the face of an objection, plaintiff's evidence must conform to the pleading. *Swan v. Stuart,* 353 S.W.2d 805, 806 (Mo.App.1962). Even if the testimony were admissible, however, it does not constitute sufficient evidence that plaintiff's charges were fair and reasonable. This is not to say that reasonableness of charges cannot be proved by plaintiff's testimony. In *Bodde v. Burnham,* 588 S.W.2d 516 (Mo. App.1979), the plaintiff was a masonry contractor with thirty-eight years of experience. His uncontradicted testimony as to the reasonable value of labor based on his personal observation and supervision was competent evidence of reasonableness. *Id.* at 519. The testimony here of plaintiff's "standard price" and "normal charge" does not prove that the charges were reasonable. The testimony as to "low bid" relates to the total price for all the work plaintiff agreed to perform and not to specific charges for the labor actually performed and materials actually furnished.

■ An appellate court may not disturb the trial court's judgment unless it is against the weight of the evidence, is not supported by substantial evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Commerce Bank of Poplar Bluff v. Bulger,* 614 S.W.2d 768, 769 (Mo.App.1981). We find that the trial court's judgment is not supported by substantial evidence because plaintiff failed to prove the reasonable value of labor and materials furnished, an essential element of recovery in quantum meruit. We therefore must reverse the judgment for plaintiff, but we also remand for new trial because it appears that plaintiff might plead and prove the cause in a proper manner if given the opportunity to do so. *Watson v. Meredith Development Company,* 410 S.W.2d 338, 342 (Mo.App. 1966). A case should not be reversed for failure of proof without remand unless the record demonstrates that all available essential evidence has been presented and that plaintiff could not recover in any event. *Jordan v. Robert Half Personnel Agencies of Kansas City, Inc.,* 615 S.W.2d 574, 586 (Mo.App.1981); *Rockett v. Pepsi Cola Bottling Co.,* 460 S.W.2d 737, 739 (Mo. App.1970).

Regarding defendants' fourth point of error, we find no abuse of discretion in the trial court's quashing defendants' subpoenas served upon plaintiff's attorneys requiring their presence as witnesses. As to defendants' fifth point, a new trial will permit defendants another opportunity to prove they have satisfied plaintiff's claim by payment to third parties.

Judgment is reversed and the cause remanded for a new trial.

SNYDER, P.J., and GAERTNER, J., concur.