**J. A. ELLIOTT, Plaintiff-Appellant,**

v.

**Luella EMPSON, Defendant-Respondent.**

**No. KCD 27971.**

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

David R. Smalley, Kansas City, for plaintiff-appellant.

Graham, Paden, Welch, Martin & Albano, Michael J. Albano, Independence, for defendant-respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

PER CURIAM.

This case was bench tried in the circuit court on appeal from a magistrate court. It is a suit by an attorney (hereinafter referred to as plaintiff) for payment of legal services rendered to a wife (hereinafter referred to as defendant) in a divorce action and a subsequent modification proceeding which did not reach fruition. Although plaintiff prayed for a judgment in the amount of $2,375.00, the trial court entered judgment in plaintiff's favor in the amount of $875.00, and plaintiff has appealed.

A minimal statement of facts will suffice. Although defendant engaged plaintiff to represent her in the legal matters abovementioned, no hourly rate or overall compensation for said services was ever agreed to or fixed. At the conclusion of all matters, plaintiff, by mail, submitted statements to defendant totaling $5,025.00 for services. Defendant thereafter paid plaintiff varying amounts at various intervals totaling $2,650.00, and then ceased and refused to pay any further amount. Plaintiff thereafter initiated suit against defendant and in his petition pleaded that he had rendered "good and valuable services to and for defendant in a reasonable amount of $5,025.00", that defendant had paid $2,650.00, and that a "balance" was "due for said services in the amount of $2,375.00."

On appeal, plaintiff relies upon a single point for relief: "The Trial Court Erred and Abused Its Discretion in Finding the Amount Due Plaintiff to Be $875.00 When the Evidence Showed Plaintiff Was Entitled to Recover $2,375 *As an Account Stated.*" (Emphasis added.) At the trial court level, plaintiff's petition and his own testimony conclusively disclaimed an account stated as being the theory relied upon for recovery. This being the case, reliance upon a different theory on appeal will not be countenanced. *Morris v. Kansas City,* 391 S.W.2d 198, 200 (Mo.1965); *Herrick Motor Co. v. Fischer Oldsmobile Co.,* 421 S.W.2d 58, 63 (Mo.App.1967); and *Smith v. G.F.C. Corp.,* 255 S.W.2d 69, 71 (Mo.App.1953).

The trial court, on the basis of the pleadings and the evidence, correctly perceived plaintiff's theory of recovery as being in quantum meruit as no hourly rate or overall compensation was ever fixed or agreed to between plaintiff and defendant initially or at any other time during the attorney-client relationship. *Leggett v. Mutual Commerce Casualty Co.,* 250 S.W.2d 995, 998 (Mo.1952); and *Mecartney v. Guardian Trust Co.,* 274 Mo. 224, 202 S.W. 1131, 1136 (1918).

Plaintiff testified that his total fee of $5,025.00 was based solely upon the time he spent on defendant's behalf. The total fee divided by the number of hours spent, 116.4 hours, reveals that plaintiff was claiming $43.17 per hour for his services. Plaintiff further testified that the prevailing hourly rate charged by attorneys in the greater Kansas City area at the time for handling domestic relations matters ran "from $30 to $50 per hour." In view of the total hours incurred, the judgment rendered by the trial court, coupled with the amounts previously paid by defendant to plaintiff, fell within the range just mentioned. Under the standard of appellate review of court tried cases laid down in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), the judgment below should be sustained.

As an extended opinion in this case would have no precedential value, the judgment is affirmed in accordance with Rule 84.16(b).

All concur.