. Claude N. STRAUSER and Bradford M. Strauser, Plaintiffs-Appellants,

v.

The ESTATE of Alice B. STRAUSER, Deceased, Defendant-Respondent.

No. 39633.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 17, 1978.

Thomas J. Briegel, Union, for plaintiffs-appellants.

John W. Waller, Sullivan, Albert M. Schlueter, Clayton, for defendant-respondent.

CRIST, Judge.

Quantum meruit action. Plaintiffs, Claude and Bradford Strauser, filed suit against their grandmother's estate to recover the reasonable value of services they rendered on her farms.

Following the presentation of plaintiffs' evidence, the Circuit Court of Franklin County directed a verdict for the estate on the ground that neither plaintiff had produced sufficient evidence to support a verdict. We affirm.

Plaintiffs' contention on appeal is that they were not required to establish the precise amount of compensation to which they were entitled because the value of farm labor is considered to be within the common knowledge of jurors. The estate cites the lack of evidence as to the nature of the alleged services and the time spent in performing them.

To sustain a claim in quantum meruit for the value of services rendered, the claimant must show proof of the reasonable value of the services. *Cavic v. Missouri Research Laboratories, Inc.*, 416 S.W.2d 6, 8 (Mo.App.1967). This is usually accomplished through the introduction of opinion evidence as to the value of the work performed. The showing of reasonable value is not necessary, however, when the value of a particular kind of service is a matter within the common knowledge of the jury. *Allmon v. Allmon*, 314 S.W.2d 457, 462–463 (Mo.App.1958); *Tuttle v. Brayton*, 215 S.W.2d 46, 49 (Mo.App.1948).

Under these principles and prior case law plaintiffs are correct in asserting that the value of general farm services "is considered to be within the common knowledge of the Court and jury." *In re Estate of Kunzler*, 548 S.W.2d 212, 215 (Mo.App. 1977); *Griffith v. Estate of Winebarger*, 471 S.W.2d 941, 943 (Mo.App.1971).

The jury cannot, however, apply its common knowledge of the value of services unless it has an understanding of the nature and extent of the services performed. *Tuttle, supra,* 215 S.W.2d at 49; *See Hart v. Wood,* 392 S.W.2d 20, 23 (Mo.App.1965). Plaintiffs offered few specifics as to the nature and extent of the work they performed on the farms.

There was evidence that Claude began work as a 9 year old boy in 1955 and worked from time to time until he was 24 years old, in 1970. Bradford also began when he was 9 in 1957, and worked from time to time until he was 22 in 1970. Most of the work was performed on weekends and during the summers, although some summers they held other jobs. They engaged in crop work, gardening, tending animals and repair of fences, roads, machinery and buildings. It was never made clear how large the working areas of the farms were at any given time, how many animals were cared for, and especially significant, in view of the fact they held other jobs and that farming is somewhat seasonal in nature, the approximate amount of time they worked.

The law does not require mathematical precision of the "extent and nature" of work alleged in quantum meruit—indeed this would be a great burden on many deserving claimants—but some basic indication is needed, especially on details that can be easily established. The evidence in this case is insufficient to constitute a submissible case because the jury would be left to conjecture on just what was done, when and by whom. The jury would not know what farm work to value even if it were aware of the general value of farm services.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.