John H. BERRA, Respondent,

v.

BIEG PLUMBING CO., INC., Appellant.

No. 39956.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1979.

Eli C. Seigel, Rosenberg, Weiss, Goffstein, Kraus & Seigel, Don R. Sherman, St. Louis, for appellant.

David L. Welsh, Bridgeton, for respondent.

REINHARD, Presiding Judge.

Defendant Bieg Plumbing Company, Inc. appeals from a judgment in favor of plaintiff, J. H. Berra, operating as Berra Construction Company, in the amount of $2,542.33.

In April of 1973, defendant Bieg Plumbing Company was awarded the contract for the construction of the plumbing and sewer work connected with the construction of the St. John Bosco Church, the owner of said church being the Archdiocese of St. Louis. Defendant in turn sought bids from other contractors for the construction of the sewers for the church.[1] In seeking those bids, defendant contacted plaintiff who operated as Berra Construction Company and asked plaintiff to submit a bid on the sewer work. Defendant presented testimony that it provided plaintiff with a complete set of plans and specifications to aid the latter in the preparation of his bid. Plaintiff's witness denied that Berra Construction ever received a copy of the specifications, presenting testimony that Berra Construction used only the plans or blueprints in preparing and submitting its proposal.

In the proposal submitted to defendant, plaintiff listed Alternate Plans Numbers 1 and 2[2] and enumerated the various projected costs of the work and materials needed for the construction of both the interior and the storm sewers. Also included in plaintiff's proposal was the following sentence: "Granular backfill under pavements, estimated to require 470 tons, will be charged for at $3.05 per ton."

Upon receipt of this proposal, Mr. Bieg conferred with Mr. Maritz who informed Bieg that the granular backfill would be unnecessary. Accordingly, Mr. Bieg drew a line through the above-quoted sentence concerning granular backfill, and having already stricken Alternate Plan Number 2, accepted plaintiff's proposal by signing it. The accepted proposal was then returned to plaintiff and eventually work began on the project.

When the work on the sewers was approximately 90% complete, defendant received an invoice from plaintiff for the labor and materials utilized in constructing the sewers, with notations signifying payments already received from defendant. The invoice contained a charge of $2,542.33 for 833.55 tons of granular backfill at $3.05 per ton. The invoice, dated November 1, 1973, concluded with a total amount due of $26,385.38. In a letter dated February 13, 1974, defendant questioned Berra Construction concerning certain items in the invoice. No mention was made in the letter of the charge for granular backfill, but Mr. Bieg did testify that he spoke to someone at Berra Construction concerning that item. After an exchange between the two parties, it was determined that plaintiff had erroneously included $110 in the invoice while defendant conceded that certain other charges in the invoice were for authorized work. However, Bieg also testified that he understood that the granular backfill had been deleted and was not a problem. Plaintiff makes no such concession.

Defendant ultimately paid plaintiff $23,733.05 on the account, which, after crediting

1. The construction of the sewers was to be under the ultimate control of the Fee Fee Sewer District. Money placed in escrow with Fee Fee would be distributed to the contractors after the sewer district approved the work.

2. Mr. Maritz, the architect for the Archdiocese on the project, asked Robert Bieg of Bieg Plumbing to strike Alternate Plan Number 2 because it was included within Alternate Plan Number 1; Mr. Bieg did so.

the $110 charge, left unpaid an amount of $2,542.33, the amount charged for the granular backfill. After defendant's continued failure to pay this amount, plaintiff filed a petition in the circuit court.

In his second amended petition, plaintiff alleged, inter alia, that Berra Construction had agreed to construct the sewers for defendant;[3] that at the instance and request of defendant, Berra Construction had provided the labor and materials necessary to install 833.55 tons of granular backfill, having a reasonable value of $3.05 per ton; that there remains due and owing $2,542.33 for this material and labor; and that despite plaintiff's demand that defendant pay this amount, defendant has refused to pay. The matter was tried to the court and on November 25, 1977, judgment was entered for plaintiff in the amount of $2,542.33. This appeal followed.

■ As its first point of error, defendant asserts that the trial court erred in failing to file its conclusions of laws as requested by defendant pursuant to Rule 73.01. Rule 73.01(1)(b) provides that in a court-tried case, upon request of counsel, a court "shall . . . include its findings of such controverted fact issues as have been specified by counsel." Rule 73.01(2)(a) states that for appellate review, "No findings of fact, except such as shall have been requested, and *no conclusions of law* . . . are necessary." (Emphasis added.) As requested; the trial court properly prepared and filed its findings on those controverted fact issues material to the case. We find no error in the court's preparation of those findings. Moreover, although the court filed no conclusions of law denominated as such, and could have followed a better procedure in so doing, we point to Rule 73.-01(2)(a) which states that for appellate review "no conclusions of law . . . are necessary." The failure to provide labeled conclusions of law in this case is not error. The only basis of plaintiff's recovery being quantum meruit, the court's findings ·and decision make evident the legal conclusions arrived at by the court. We find no merit in defendant's first point.

As its second point of error, defendant essentially contends that plaintiff failed to make a submissible case, failed to present sufficient evidence to support a verdict in his favor and consequently that the court erred in failing to find for defendant. In our review, we apply the oft-quoted standards of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) in this court-tried case.

■ Plaintiff asserts that its cause of action has always been founded in quantum meruit. The basis of quantum meruit is a promise implied by the law that a person will pay a reasonable and just compensation for valuable services or materials provided at that person's request or with his approval. *Upshaw v. Latham,* 486 S.W.2d 656, 658 (Mo.App.1972). To recover in quantum meruit, a plaintiff must plead and prove that it provided to defendant materials or services at the request or with the acquiescence of defendant, that those materials or services had a certain reasonable value, and that defendant, despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor. *Laughlin v. Boatmen's National Bank of St. Louis,* 354 Mo. 467, 189 S.W.2d 974, 978 (1945); *State ex rel. Scott v. Sanders,* 560 S.W.2d 899, 902 (Mo.App.1978). We believe that the plaintiff met his burden as to both pleading and proof.

■ The second amended petition, earlier referred to in this opinion, was sufficient to state a cause of action in quantum meruit. The pleading of a written contract as was done here, does not preclude recovery under quantum meruit. A reading of the pleadings clearly reveals that plaintiff's theory of recovery was quantum meruit.

The parties have conceded that in accepting the proposal submitted to defendant by plaintiff, defendant crossed out the sentence relating to granular backfill. We interpret this action to reveal that the contract proposal as accepted did not include

---

3. A copy of the contract was attached to the petition. The petition alleged payments of all sums owed except for the granular backfill.

the use of granular backfill; consequently, the use of this backfill at additional cost constitutes an extra item not compensated by the conceded payments by defendant to plaintiff on the contract.

■ The transcript of the trial contains evidence to satisfy the necessary elements of quantum meruit. Although Mr. Butler of J. H. Berra Construction testified only that "someone" gave orders to use granular backfill, Joseph Tessmer, foreman of the plaintiff's labor crew at the church job, testified that Mr. Bieg told him to fill with granular backfill. Plaintiff also introduced the invoices showing the amount of granular backfill delivered at the church, and Tessmer testified that the amounts on those invoices represented the amount of rock placed in the trenches, other than a small amount that was lost. Although Mr. Bieg denied that he knew anything about the use of the granular backfill until he received the general invoice from plaintiff, we note that the trial court may choose to believe or disbelieve the testimony of a witness. *Intertherm, Inc. v. Coronet Imperial Corp.,* 558 S.W.2d 344, 348 (Mo.App.1977). As a reviewing court, we are to give due deference to the trial court's opportunity to have judged the credibility of the witnesses. *Cook v. Lodes,* 560 S.W.2d 64, 65 (Mo.App. 1977).

Plaintiff also introduced the invoice sent to defendant to show that demand had been made for payment at a price of $3.05 per ton for the granular fill. An independent sewer and construction contractor further testified that in 1973, the time of the subject construction, $3.05 per ton would have been a reasonable price for granular backfill.

■ The sum of this evidence meets all the requirements for an action in quantum meruit. Consequently, applying the appropriate standards of review we believe that the evidence adduced at trial adequately supports the judgment of the trial court. *Murphy v. Carron,* 536 S.W.2d at 32. Defendant's second point on appeal also fails.

Affirmed.

GUNN and CRIST, JJ., concur.