Carl A. ENGER, Appellant,

v.

The ESTATE of Ruth Null
GIANINO, Respondent.

No. 41802.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 28, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 12, 1980.

John L. Sullivan, St. Louis, for appellant.

Melvin Heller, Clayton, for respondent.

CRIST, Presiding Judge.

This is an appeal from the denial of a claim by an attorney for the reasonable value of attorney's fees. We reverse and remand.

Carl A. Enger (hereinafter referred to as "lawyer") brought a claim against the estate of Ruth Gianino (hereinafter referred to as "estate") for the reasonable value of services rendered to Ruth Gianino (hereinafter referred to as "decedent") during her lifetime. The claim was first presented to the probate court. It was denied, appealed to the circuit court and denied once more on the ground that "there was no sufficient evidence upon which the claim in issue could or should be allowed." Lawyer did not request specific findings of fact under Rule 73.01(1)(b). Lawyer appeals.

Lawyer represented decedent, prior to her untimely death, on matters relating to her deceased husband's estate. It is these legal services which are in issue. Lawyer's evidence consisted solely of the testimony of Nicholas J. Riggio, attorney for the husband's estate. Riggio testified after refreshing his recollection by referring to his fee statement submitted on behalf of the husband's estate. The fee statement showed letters, conferences, court appearance and pleadings by lawyer.

*Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316 (Mo. banc 1979) controls. In *Craig*, our Supreme Court ruled that:

A promise to pay the reasonable value of attorney's services is implied where there is no express contract, if the services are accepted by the client or rendered at his request, *Connor Realty Co. v. St. Louis Union Trust Co.*, 176 Mo.App. 260, 161 S.W. 865 (1913); *Woodruff v. Rusk*, 229 Mo.App. 119, 76 S.W.2d 709 (1934); *Union Electric Co. v. Jones*, 356 S.W.2d 857 (Mo.1962), and recovery may be had in quantum meruit, *Elliott v. Empson*, 555 S.W.2d 46 (Mo.App.1977); *Warder v. Seitz*, 157 Mo. 140, 57 S.W. 537 (1900); *Wells v. Haynes*, 28 S.E. at 969, to the extent of the reasonable value of the lawyer's services to his client. *Id.* at 325.

The evidence shows that legal services were rendered by lawyer and accepted by decedent. Lawyer is entitled to the reasonable value of such services. Evidence of value need not appear. A parallel situation is that of the so–called "housekeeper" cases wherein the jury is competent to determine the value of household services rendered to a decedent during her lifetime. *Allmon v.*

*Allmon,* 314 S.W.2d 457, 462–63 (Mo.App. 1958). See also, *Strauser v. Strauser Estate,* 573 S.W.2d 423 (Mo.App.1978). The court is an expert on the value of legal services. *Craig,* 586 S.W.2d at 326; see *Nelson v. Hotchkiss,* 601 S.W.2d 14 (1980).

Lawyer made a prima facie case shifting the burden of proof to the estate to show any affirmative defense it may have. *Schanz v. Terry's Estate,* 504 S.W.2d 653, 654 (Mo.App.1974). See, *Estate of Kunzler,* 548 S.W.2d 212 (Mo.App.1977). There was sufficient evidence upon which a claim could or should have been allowed.

Reversed and remanded with instructions to the trial court to determine a reasonable fee for legal services rendered, using the criteria outlined in Rule 4, D.R. 2–106, based upon the evidence heretofore presented to the trial court.

REINHARD and SNYDER, JJ., concur.