In the Matter of the ESTATE of Gertrude A. ENGER, Deceased,

Geraldine M. MALECEK, Respondent,

v.

ESTATE of Gertrude A. ENGER, Deceased, Robert F. Gebken, Administrator, Appellant.

No. 42780.

Missouri Court of Appeals, Eastern District, Division Three.

May 5, 1981.

Erwin J. Roesel, Clayton, for Robert Gebken.

Dudley C. Dunlop, Clayton, for Helen Gebken.

Tom Casey, St. Louis, for appellant.

Carl A. Enger, St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from an order of the Probate Division of the Circuit Court of the City of St. Louis, Missouri, wherein the court allowed $12,000.00 for the reasonable value of services rendered by Geraldine M. Malecek (hereinafter "claimant") to Gertrude A. Enger, deceased (hereinafter "decedent") during the last six years of decedent's life. We affirm.

Appellant (hereinafter "estate") contests the sufficiency of the evidence of the type, amount and value of the services performed. Claimant's testimony was limited by the Dead Man's Statute. Because of the difficulty of proof in cases where the Dead Man's Statute is invoked, the courts are more lenient in finding sufficient evidence for a submissible case. See, *Allmon v. Allmon*, 314 S.W.2d 457, 462 (Mo.App.1958).

The trier of fact must be able to glean, from the evidence presented, an understanding of the nature and extent of the services performed. The law does not require, however, mathematical precision in the evidence of the nature and extent of

services in an action in quantum meruit. *Strauser v. Estate of Strauser*, 573 S.W.2d 423, 425 (Mo.App.1978). Where the value of services is a matter of common knowledge, the trier of fact may determine value from its own knowledge without the aid of opinion evidence. *Enger v. Estate of Gianino*, 609 S.W.2d 719 (Mo.App.1980); *Strauser v. Estate of Strauser, supra* at 424. *Allmon v. Allmon, supra* at 463.

■ Our review is governed by the standard set in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the judgment of the Probate Division unless there is no substantial evidence to support it or unless it is against the weight of the evidence.

■ Decedent was 87 years of age at her death on November 11, 1978. She was a widow who lived alone at all times during the last six years of her life. Claimant, a 53 year old niece of decedent, was employed as a "state clerk." She came to decedent's home in the evenings, and on Saturdays, Sundays and holidays, continuously for a period of six years. Several witnesses testified that claimant came to help decedent at least two to four days per week. None of decedent's other relatives visited her except a brother who stopped by once in awhile. During her last six years, decedent's health was failing and she was lonely, needing any help and consolation claimant could provide. Claimant provided comfort, care and attention.

During the last six years of decedent's life, neighbors observed claimant helping decedent to and from the car, carrying packages, cutting grass and sprinkling the lawn, taking decedent for walks, sweeping the porch, fixing decedent's hair, bringing in pots of food, wiping her brow, holding her head and, in general, ministering and carrying for her. Decedent was aware that she needed claimant's help and expressed to a neighbor that she did not know what she would do without claimant. Decedent and her brother discussed compensating claimant and decedent's brother recommended that such compensation be done by a will. Decedent, nevertheless, died intestate.

We find the foregoing sufficient evidence of the nature and extent of services performed by claimant. The trial court properly determined the value of such services from its own knowledge and without the aid of opinion evidence.

Judgment affirmed.

REINHARD and SYNDER, JJ., concur.