**Ward FICKIE,**
**Claimant-Appellant-Respondent,**

v.

**ESTATE OF Merrill W. CHRISMAN,**
**Defendant-Appellant-Respondent.**

**Nos. 43913, 43914.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 25, 1982.

Motion for Rehearing and/or Transfer
Denied July 16, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Ward Fickie, pro se.

Floyd Shechter, Clayton, for defendant-appellant-respondent.

GUNN, Judge.

This litigation involves a claim pursuant to a contract by an attorney for a finder's fee of $17,500 in connection with the sale of his client's cemetery. The attorney made a separate claim under quantum meruit for $2500.00 in attorney's fees for services rendered on various legal matters. The trial court denied the claim for the finder's fee but granted the attorney's fee of $2500.00.

Both parties have appealed. The determinative issues are: (1) whether the contract between the parties allows the finder's fee; (2) whether the evidence supports the separate quantum meruit attorney's fee award; (3) whether conflict of interest proscribes recovery of any award.

We find that the claimant was entitled to his finder's fee and attorney's fee as sought and reverse in part and affirm in part.

## Finder's Fee

Ward Fickie, the claimant, was attorney for Merrill W. Chrisman, now deceased, his estate being the defendant in these proceedings. Chrisman was principal stockholder of Chrisman Realty Company and Affton Memorials, Inc., the former being the owner of property known as Sunset Burial Park. In 1974, Chrisman agreed to sell his stock in the two corporations for $1,350,000 to Sunset Burial Park, Inc., a newly formed Missouri corporation. Closing of the transaction was in 1975. Chrisman was paid $300,000 on closing, and the balance of $1,050,000 was to be paid over a ten year period at the rate of $105,000 per year, plus interest.

Under letter agreement, Chrisman was to pay Fickie a finder's fee of $67,500, to be paid in installments of $20,000 on closing, $10,000 per year for four years and $7,500 at the close of the fifth year. The agreement also provided:

> If the buyer [Sunset Burial Park, Inc.] fails to pay you [Chrisman] in any year, then payments to me [Fickie] would be postponed, or if the buyer defaults totally and you have to take the property back, then future payments to me would be forgiven.

Fickie received a total of $50,000 under the terms of the letter agreement for the years 1975 through 1978. In 1979, Sunset Burial Park, Inc., the buyer, fell behind in its payments and after demand for payment, acceleration procedures were put in motion and collection litigation commenced.[1] A third party purchaser ultimately made satisfactory arrangements to Chrisman's estate for the payment of the property through a series of financial transactions. Neither Chrisman nor his estate was required to take the property back.

■ The basic contract law applying to this agreement between Fickie and his client is that it is to be construed under the same rules as any other contract—the "language used must be enforced as written." *Kramer v. Fallert*, 628 S.W.2d 671, 674 (Mo. App.1981). The language of the contract in this case is clear and unambiguous. It provides that Fickie is entitled to his finder's fee of $67,500 so long as there was no total default *and* Chrisman was not required to take the property back. Neither Chrisman nor his estate had to take the property back. And while there had been a default in payments, the estate did ultimately obtain its money, albeit from third parties. The fact that third parties paid for the land makes no difference. Hence, the judgment must be reversed and Fickie allowed to recover the balance due him of $17,500 for his finder's fee under the written agreement.

## Quantum Meruit

■ Detailing the evidence as to legal services performed by Fickie for Chrisman would have no precedential value. It is sufficient to state that the record supports the trial court's conclusion that Fickie had provided additional legal service having a reasonable value of $2500.00. Inasmuch as there was no agreed hourly rate for Fickie's legal services beyond those in connection with the finder's fee agreement, quantum meruit is the proper theory for recovery. *Elliott v. Empson*, 555 S.W.2d 46, 47 (Mo. App.1977). The trial court, considered knowledgeable in the matter of attorney's fees, did not abuse its discretion in the amount of the award. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980); *Enger v. Estate of Gianino*, 609 S.W.2d 719, 720 (Mo. App.1980). *See Murphy v. Grisham*, 625

---

**1.** Though Fickie did make efforts to collect the overdue payments, suit was ultimately instituted and final payment obtained through the efforts of another lawyer.

S.W.2d 215, 217 (Mo.App.1981) (reasonableness of attorney fee has to be determined on the facts of each case).

The judgment is affirmed as to the award of $2500.00 attorney's fees for services rendered.

### Conflict of Interest

After the sale by Chrisman, Fickie remained for a time as counsel and director of Sunset Burial Park, Inc. When the buyer fell behind in its payments, however, Fickie immediately severed all connection with it. His only subsequent representation occurred when he represented both Chrisman and Sunset Burial Park, Inc. in opposing a suit in adverse possession, with the latter paying the legal fees. Chrisman's estate contends that as a result of this dual representation, Fickie is not entitled to any compensation as he was involved in a gross conflict of interest.

Chrisman's estate, however, overlooks the fact that Fickie's representation of both was to their mutual advantage, as each wanted to defeat the adverse possession action. Thus, the conflict of interest concern that undue advantage may be taken, as expressed in *Jo B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317 (Mo.App.1980), and *Acorn Printing Co. v. Brown,* 385 S.W.2d 812 (Mo.App.1964), cited by Chrisman's estate, does not exist or apply. There was no conflict of interest or representation of adverse interests by Fickie in this instance. Neither Chrisman nor Sunset Burial Park, Inc. gained advantage at the expense of the other through Fickie's services. His representation of both was therefore proper under the circumstances. *In re Pfiffner's Guardianship,* 194 S.W.2d 233, 237 (Mo.App.1946).

Judgment affirmed as to quantum meruit count for attorney's fees of $2500.00. Judgment reversed as to denial of finder's fee. Judgment in favor of Fickie for $17,500 as balance due for finder's fee.

DOWD, P. J., and REINHARD, J., concur.