**TAX LEASE UNDERWRITERS, INC.,**
**Tax Lease Management Corporation,**
**Plaintiffs,**

v.

**BLACKWALL GREEN LTD., John R.D.**
**Green, Defendants.**

No. 83–2448C(1).

United States District Court,
E.D. Missouri, E.D.

Dec. 11, 1986.

---

Gerard T. Carmody, St. Louis, Mo., for plaintiffs.

Joseph P. Conran, St. Louis, Mo., for defendants.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that plaintiffs' motion to alter or amend findings of fact, conclusions of law, order and judgment, or alternatively, to take additional testimony, be and is denied.

This case was tried to the Court sitting without a jury. Plaintiffs sought recovery against defendants, *inter alia*, in contract and in quantum meruit. The Court found that plaintiffs had not established the existence of a contract and that plaintiffs had not presented sufficient evidence of the value of the services rendered by plaintiffs to defendants to support a recovery in quantum meruit. Thus, the Court denied plaintiffs recovery under both theories.

Plaintiffs' present motion is directed to the sole question of whether plaintiffs submitted sufficient evidence to enable the Court to determine the reasonable value of the services rendered by plaintiffs. Upon consideration of the evidence presented at trial, and of the arguments presented in plaintiffs' motion, the Court affirms its prior conclusion that plaintiffs did not introduce sufficient evidence of the value of the services rendered by plaintiffs to defendants to support a recovery in quantum meruit. Further, the Court finds that it is not appropriate to take additional testimony. Accordingly, plaintiffs' motion is denied.

Plaintiffs' recovery in quantum meruit is governed by Missouri law. Quantum meruit is based on a promise implied by the law that a person will pay reasonable compensation for valuable services or materials provided at his request or with his approval. Under Missouri law:

To recover in quantum meruit, a plaintiff must plead and prove that it provided to defendant materials or services at the request or with the acquiescence of defendant, *that those materials or services*

*had a certain reasonable value*, and that defendant, despite demands of plaintiff, has failed and refused to pay the reasonable value of those materials and labor. [case cites omitted].

*Berra v. Bieg Plumbing Co., Inc.*, 584 S.W.2d 116, 118 (Mo.Ct.App.1979) (emphasis added). The plaintiff has the burden of proving: (1) the "nature and extent" of the services performed, *Estate of Enger*, 616 S.W.2d 137 (Mo.Ct.App.1981), *Strauser v. Estate of Strauser*, 573 S.W.2d 423, 424 (Mo.Ct.App.1978); and (2) the reasonable value of the services performed. *Berra v. Bieg Plumbing Co., Inc.*, 584 S.W.2d 116, 118 (Mo.Ct.App.1979); *Strauser v. Estate of Strauser*, 573 S.W.2d 423, 424 (Mo.Ct. App.1978). The failure to prove either the "nature and extent" of the reasonable value of the services performed is *fatal* to recovery in quantum meruit. *McCardie & Akers Construction Co. v. Bonney*, 647 S.W.2d 193, 194 (Mo.Ct.App.1983).

Plaintiffs must present sufficient evidence to provide the trier of fact with "an understanding of the nature and extent of the services performed." *Estate of Enger*, 616 S.W.2d at 137. "The law does not require mathematical precision [in the proof] of the 'extent and nature' of the work alleged in quantum meruit ... but some basic indication is needed especially on details that can be easily established." *Strauser*, 573 S.W.2d at 425. Even if the trier of fact knows the value of a particular service, plaintiff must still offer evidence as to the "nature and extent" of the work performed. *Id.*

Plaintiffs must present sufficient evidence to enable the trier of fact to determine the reasonable value of the services performed. "This is usually accomplished through the introduction opinion evidence as to the value of the services performed. The showing of reasonable value is not necessary, however, when the value of a particular kind of service is a matter within the common knowledge of the [trier of fact]." *Strauser*, 573 S.W.2d at 424. In circumstances where there exists a written

or oral "contract" between the parties containing a price term, then that "contract" price term is evidence of the value of the services performed by plaintiff. *Humfeld v. Langkop,* 591 S.W.2d 251, 255 (Mo.Ct. App.1979). *See Kisco Company, Inc. v. Verson Allsteel Press Co.,* 564 F.Supp. 154, 159–160 (E.D.Mo.1983), *aff'd in part, and remanded in part on other grounds,* 738 F.2d 290 (8th Cir.1984).

The Court finds that plaintiffs satisfied their burden of proving the "nature and extent" of the services performed. However, the Court finds that plaintiffs failed to introduce sufficient evidence of the "reasonable value" of those services to support recovery in quantum meruit.

The "reasonable value" of plaintiffs' services [1] is not a matter within the common knowledge of the Court. Plaintiffs concede that they did not introduce any opinion evidence as to the reasonable value of those services. As the Court noted in its prior opinion, plaintiffs' failure to introduce evidence of the reasonable value of plaintiffs' services was clearly a tactical decision. Plaintiffs attempted to prove the existence of a valid contract with defendants to split commissions 50–50. Plaintiffs did not attempt to prove the reasonable value of the specific services provided by plaintiffs to defendants.

Plaintiffs point to four pieces of evidence which assertedly prove the reasonable value of plaintiffs' services. The Court finds that this evidence, either separately or together, does not prove the reasonable value of plaintiffs' services. Thus, plaintiffs are not entitled to recovery in quantum meruit. *McCardie & Akers Construction Co. v. Bonney,* 647 S.W.2d 193, 194 (Mo.Ct.App. 1983).

## PLAINTIFFS' EVIDENCE

**1. The "contract" entitling plaintiffs to half of all commissions earned by defendants.**

■ In *Humfeld v. Langkop,* 591 S.W.2d 251, 255 (Mo.Ct.App.1979), and in *Kisco*

*Company, Inc. v. Verson Allsteel Press Co.,* 564 F.Supp. 154, 160 (E.D.Mo.1983), *aff'd in part, and remanded in part on other grounds,* 738 F.2d 290 (8th Cir.1984), both quantum meruit recovery cases, the courts received and evaluated a "contract" price as evidence of the reasonable value of the services rendered by the plaintiff to the defendant.

In *Humfeld,* the court found that prior oral and written contracts existed. Thus, the court utilized the contract prices as evidence of the reasonable value of the services rendered. 591 S.W.2d 251.

In *Kisco,* the court found that the parties had negotiated a "contract" with a $250,-000 price term. The court concluded that the "contract" with the known price term in fact existed, but that the parties had not formed a binding contract. 564 F.Supp. at 159. The court proceeded to use the "contract" price term as evidence of the reasonable value of the services rendered. The court noted that in "the unusual factual situation" presented by the case: (1) expert testimony would not have aided the court in determining the reasonable value of plaintiff's services, and (2) "mathematical exactness" could not be achieved. 564 F.Supp. at 160.

In both *Humfeld* and *Kisco,* the courts found that "contracts" with known price terms in fact existed. In contrast, in the instant case, the Court found that plaintiffs "failed to prove the existence of a valid contract which provide[d] for an even split of all commissions earned by [defendants] on the sale of TBT insurance." 642 F.Supp. 1492, 1500 (E.D.Mo.1986). Having found that the claimed contract did not exist, the Court finds that the purported price term from the non-existant contract is not probative evidence of the reasonable value of plaintiffs' services.

**2. Defendants' payment of $480,220.80 to Zimmerman and Dipple for their involvement in the TBT insurance concept.**

■ This payment justifies the conclusion that the TBT insurance concept had

---

**1.** Primarily providing defendants with the general concept of "TBT insurance."

value. However, plaintiffs in no way related this dollar amount to the reasonable value of plaintiffs' services. Plaintiffs did not present evidence comparing the precise services which plaintiffs performed to the services performed by Zimmerman and Dipple. Thus, the naked fact that defendants paid Zimmerman and Dipple this dollar amount is not evidence of the reasonable value of plaintiffs' services.

3. **Defendants' payment of $13,315.44 to plaintiff TLU on November 9, 1982.**

4. **Defendants' payment of $207,832.00 to plaintiff TLU in March, 1983.**

■ Plaintiffs argue that these two payments by defendants to plaintiff TLU are evidence of the reasonable value of plaintiffs' services. Plaintiffs contend that the November, 1982, payment represented a 6% commission on the Pan Am insurance. Thus, plaintiffs contend that a 6% commission on all insurance sold is a reasonable value for plaintiffs' services. Plaintiffs contend that the March, 1983, payment represented a 2.5% commission on all TBT insurance sold through December 31, 1982. Thus, plaintiffs contend that a 2.5% commission on all insurance sold is a reasonable value for plaintiffs' services.[2]

The Court finds that plaintiffs did not introduce sufficient evidence to justify a conclusion that either a 6% commission or a 2.5% commission is a reasonable value of plaintiffs' services. Plaintiffs' purported evidence of the reasonable value of their services are mere dollar amounts paid by defendants to plaintiffs. Plaintiffs failed to prove that those payments were in fact commissions on the insurance sold. Plaintiffs failed to relate those dollar amounts to the specific services performed by plaintiffs. At trial, plaintiffs presented these payments as evidence of a contract. There was no testimony identifying these payments as the reasonable value of plaintiffs' services. In sum, plaintiffs failed to offer any evidence at trial relating either of these dollar amounts to the reasonable value of plaintiffs' services.

**CONCLUSION**

The reasonable value of plaintiffs' services is not a matter within the common knowledge of the Court.[3] Plaintiffs failed to offer any opinion evidence as to the reasonable value of their services. The Court recognizes that opinion evidence is not always helpful or necessary and that the reasonable value of plaintiffs' services cannot be proven with "mathematical exactness." *Kisco*, 564 F.Supp. at 159–160. However, plaintiffs must introduce some probative evidence to enable the Court to determine the reasonable value of their services. *Strauser*, 573 F.2d at 424–425. In the instant case, the Court believes that opinion evidence would have been helpful to prove the reasonable value of plaintiffs' services.

Plaintiffs did not in any way relate their proffered evidence to plaintiffs' services and the reasonable value thereof. Thus, plaintiffs did not lay an adequate foundation for the Court to consider and treat plaintiffs' proffered evidence as evidence of the reasonable value of plaintiffs' services. Plaintiffs' lack of proof is evident from their motion. Plaintiffs put forth four

---

**2.** As the Court noted in its prior opinion, defendants contended that this $207,832.00 was an *ex gracia* payment intended to compensate plaintiffs for what defendants believed plaintiffs had done in connection with the development of the TBT insurance concept. After reviewing the evidence in this case, the Court is very familiar with the services performed by plaintiffs. While the Court believes that plaintiffs did not introduce sufficient evidence of the reasonable value of their services to support a recovery in quantum meruit, the Court also believes that this $207,832.00 *ex gracia* payment *more than*

compensated plaintiffs for the services they performed in connection with the development of the TBT insurance concept.

**3.** To the extent that the reasonable value of plaintiffs' services is a matter within the common knowledge of the Court, as noted in footnote 2, *supra,* the Court believes that the $207,832.00 *ex gracia* payment by defendants to plaintiffs *more than* compensated plaintiffs for the reasonable value of the services they performed.

widely disparate dollar amounts and then argue that one of them must be the reasonable value of plaintiffs' services. However, the Court will not choose one of plaintiffs' dollar amounts out of thin air.

Plaintiffs' failure to offer any probative evidence of the reasonable value of their services is fatal to their recovery in quantum meruit. *McCardie & Akers Construction Co. v. Bonney,* 647 S.W.2d 193, 194 (Mo.Ct.App.1983). Accordingly, the Court affirms its prior conclusion that plaintiffs are not entitled to recovery in quantum meruit due to their failure to prove the reasonable value of their services.

At trial, plaintiffs made the tactical decision to focus on proving the existence of a valid contract and to decline to offer evidence of the reasonable value of plaintiffs' services. Having failed to prove the existence of a valid contract, plaintiffs now want the Court to take additional testimony in order to enable them to recover in quantum meruit. Plaintiffs had a full and fair opportunity to present evidence on their quantum meruit theory at trial. Plaintiffs are not entitled to a "second bite at the apple." Accordingly, the Court declines to take additional testimony on plaintiffs' quantum meruit theory.